Statement.

**Staunton.**

PERCY AND OTHERS, TRUSTEES v. FIRST NATIONAL BANK OF
LOUISA, KY.

September 9, 1909.

Absent, Cardwell, J.

1. EVIDENCE—*Parol Evidence to Vary Writing.*—Evidence of a contemporaneous parol agreement is not admissible to vary or contradict the terms of a valid written instrument, except in cases of fraud or mistake. This is an oft-repeated established axiom of jurisprudence.

2. REFORMATION OF INSTRUMENTS—*Presumption—Burden of Proof—Case in Judgment.*—While courts of equity have jurisdiction to reform written instruments on the ground of mutual mistake, yet the presumption is that the writing speaks the final agreement of the parties, and the burden is on the complainant to overcome this presumption, and to do so the mistake must be plain and established by the clearest and most satisfactory proof. In the case in judgment the evidence, taken as a whole, decidedly preponderates in favor of the deed in controversy as the final consummation of the intention of the parties.

3. WAIVER—*Ignorance of Rights.*—Creditors secured by a deed of trust cannot be held to have waived their security if they were ignorant of its existence at the time of the alleged waiver.

Appeal from a decree of the Circuit Court of Bedford county. Decree for defendants. Complainants appeal.

*Affirmed.*

The opinion states the case.

*Wm. R. Abbot, Jr.,* and *S. S. Lambeth, Jr.,* for the appellants.

*M. S. Burns* and *J. R. Tucker,* for the appellees.

HARRISON, J., delivered the opinion of the court.

In July, 1906, Roberts, Bromley, and Wilson, doing business as T. H. Roberts & Co., and Robert Ferguson & Co., were sub-contractors doing concrete construction for certain railroad builders in Virginia. Having become financially involved, they made an assignment conveying to A. B. Percy and others, trustees, their whole outfit for concrete construction, consisting of machinery, mules, horses, wagons, harness, camp supplies, material on hand, and all other chattels or articles of every description, wherever located, that had been used or were to be used in and about their works; also all moneys, accounts, claims, estimates of work done, retainage for work done, etc., of whatsoever character, due to them from the general contractors and the Tidewater Railway Company, or that would thereafter become due to the grantors, in the prosecution by any of them of the work provided for in the assignment. After providing for the payment of costs and charges, the trust is declared to be for the purpose of securing "the payment ratably of all creditors of the said parties of the first part as the same would or might be paid had bankruptcy proceedings against them been instituted and matured, as of to-day." The deed of assignment concludes as follows: "After the payment of the claims of all creditors of the said parties of the first part . . . . if any balance remain the same shall be paid over to the parties of the first part, ratably."

In June, 1907, the bill in this cause was filed by the trustees named in the deed mentioned, alleging that at the time of the assignment the grantors had creditors in the State of Kentucky, as well as in the State of Virginia, and that some of the Virginia creditors had secured attachments upon the assets which were conveyed to the trustees. They further allege that prior to the execution of the deed conferences were held between the grantors and the Kentucky creditors, which were participated in by attorneys representing certain of the Vir-

ginia attaching creditors, at which conferences it was agreed that the Kentucky creditors should postpone the payment of their claims under the deed of trust until the Virginia creditors had been paid in full; that in consideration of this stipulation, the Virginia creditors should renounce their purpose of instituting actions against the grantors in the Kentucky courts, should waive any right to proceed against the grantors in the Virginia courts as absconding debtors, and that such of the Virginia creditors as had secured attachments should release the same and permit the work to proceed to completion, to the end that the assets and profits might be disbursed in the manner prescribed by this alleged parol agreement. It is further alleged that in violation of this parol agreement the Kentucky creditors claim the right, under the deed of trust, to participate ratably with the Virginia creditors in the distribution of the trust assets; and the prayer of the bill is that the trustees may be instructed as to the right of the Kentucky creditors to participate ratably with the Virginia creditors in such assets, to the end that they may be protected in the administration of their trust.

The Kentucky creditors, in their answer, deny the material allegations of the bill, especially the alleged parol agreement, and insist that they have done nothing to waive their rights under the deed of assignment. They also deny that they have done any act that in equity or good conscience would preclude them from participation in the trust fund in question.

The grantors, Roberts and Bromley, in their answer to the bill, deny that they were parties to any agreement that was to result in preferring any one or more of their creditors over another. On the contrary, they assert that their understanding always was, that their Kentucky creditors were to share ratably in the trust assets with their other creditors, and say that if this agreement had not been embodied in the deed they would not have executed it.

The circuit court declined to reform the deed of trust so. as to make it conform to the alleged parol agreement, and held that the deed should remain in full force and effect, as executed by the grantors, for the benefit of all their creditors. From that decree this appeal has been taken.

The contention of the trustees, who are the complainants in the bill and the appellants here, is that the deed of assignment, as drawn, does not express the agreement as made between the parties to the deed, and that, therefore, a court of equity will reform the instrument so as to make it correctly express the true agreement. It is also insisted that the Kentucky creditors have, by their contract and by their conduct, waived their right to participate in the fund in the hands of the trustees; and that the Virginia creditors who had attachments, having released the same on the faith of the alleged parol agreement, the Kentucky creditors are in equity estopped to assert their claims to the prejudice of the Virginia creditors.

The general principle, that evidence of a contemporaneous parol agreement is not admissible to vary or contradict the terms of a valid written instrument, except in cases of fraud or mistake, is so familiar and well established that citation of authority in its support would seem to be superfluous. It is a principle founded in wisdom, and cannot be too carefully guarded. Upon its enforcement the certainty and sanctity of written contracts depend, and its violation would be destructive of the most solemn transactions of life. This court has often discussed this subject, and adhered without variation to the rule of evidence adverted to as an established axiom of our jurisprudence. *Carlin* v. *Fraser,* 105 Va. 216, 53 S. E. 145 and cases there cited.

While courts of equity have jurisdiction to reform written instruments on the ground of mutual mistake, yet the presumption is that the writing speaks the final agreement of the

parties, and the burden is on the complainant to overcome this presumption, and to do so the mistake must be plain, and established by the clearest and most satisfactory proof. *Donaldson* v. *Levine,* 93 Va. 472, 25 S. E. 541; *Railroad Co.* v. *Dunlop,* 86 Va. 346, 10 S. E. 239.

In the case of *Carter* v. *McArtor,* 28 Gratt. 356, 360, Judge Staples, speaking for the court, says, that "although a deed or other instrument may be reformed, when through mistake or accident it does not accurately represent the agreement of the parties, it is necessary that both the agreement and the mistake shall be made out by the clearest and most satisfactory testimony."

In the case at bar, the deed is an elaborate and carefully drawn memorial of the scheme and purpose had in view. No fraud or mistake in its preparation or execution is either alleged or attempted to be shown. On the contrary, the draughtsman, who was one of the trustees, frankly admits that it was drawn with deliberation, and that the provision for the payment of all the creditors ratably was inserted advisedly for the purpose of forestalling an attack by creditors in the bankrupt courts. Apart from the fact that no mistake is alleged or proven, the evidence is wholly insufficient to support the alleged parol agreement that the Kentucky creditors were to be postponed until the Virginia creditors were paid in full. Taking the evidence as a whole, the preponderance is decidedly in favor of the deed as the final consummation of the intention of the parties.

In support of their contention, appellants rely upon the cases of *Alexander* v. *Newton,* 2 Gratt. 266, and *Mauzy* v. *Sellars,* 26 Gratt. 641. The facts in these cases are essentially different from those in the case at bar. In each a clear mistake of the scrivener was both alleged and proven. In each it was held that a court of equity would reform a mutual mistake clearly proved by parol evidence. In neither does the view

taken in any way conflict with the conclusion reached in the present case, that the appellants have failed to sustain the burden which rests upon them of establishing the alleged parol agreement which they seek to set up as a substitute for the plain provision of the deed, deliberately made for the equal benefit of all the creditors of the grantors.

The record does not sustain the contention that the Kentucky creditors have at any time, either by express or implied agreement, waived their right to participate in the fund for distribution in the hands of the trustees.  On the contrary, the evidence satisfactorily shows that they never did waive such right.  The bill alleges that about seven months after the deed was executed the Kentucky creditors discovered for the first time that the deed of assignment secured their claims, and that they immediately gave notice of their intention to assert their claims, and did file them with the trustees for the purpose of receiving their distributive share of the funds.

Taking this allegation as true, it is a sufficient answer to the contention that any rights were waived by the Kentucky creditors prior to their demand for participation in the funds; for if they did not until then know of their rights, they could not waive them.  *Wilson* v. *Carpenter,* 91 Va. 183, 21 S. E. 243, 50 Am. St. Rep. 824; *Hotchkiss* v. *Middlekauf,* 96 Va. 649, 32 S. E. 36, 43 L. R. A. 806.

In the view already taken of the evidence in this case as to the alleged parol agreement, it is unnecessary to discuss the question of estoppel raised with respect to the dismissal of the attachments held by the Virginia creditors, except to say that such dismissal was voluntary.  A careful consideration of the whole deed and the evidence leaves the decided impression that the scheme and purpose of the Virginia creditors who were present was to withhold the prosecution of their claims, as an inducement to the grantors to resume the work abandoned by them because of financial embarrassment, in the hope of

thus realizing their debts, which might otherwise be lost or considerably reduced.

There is no error in the decree appealed from and it is affirmed.

*Affirmed.*