## Staunton

### LYNCH v. O'BRIEN AND OTHERS.

September 11, 1913.

Absent, Keith, P.

1. BILLS AND NOTES—*Endorsement—Release of Security—Renewals—Estoppel—Waiver.*—One who has repeatedly renewed his endorsement of a note after full knowledge that a part of the collateral put up by the maker with the original note had been withdrawn by him must be held to have waived that defense, and to be estopped from availing himself of it as to the renewal.

2. EVIDENCE—*Written Instruments—Parol Evidence to Vary—Bills and Notes.*—The endorser of a negotiable note will not be permitted to show by parol that he was not to be bound by his endorsement. Parol contemporaneous evidence is not admissible to vary, alter or contradict the terms of a valid written instrument.

Appeal from a decree of the Law and Chancery Court of the city of Roanoke. Decree for the defendant. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Thomas W. Miller* and *Jackson & Henson,* for the appellant.

*A. E. King,* for the appellees.

HARRISON, J., delivered the opinion of the court.

The bill in this suit was filed by the appellant for the purpose of obtaining release from his liability as endorser upon a certain negotiable note. The ground upon which the

release was asked is that thirty-two shares of certain stock had been deposited with the original note, when executed, as collateral, and that subsequently seven shares of this stock was surrendered without appellant's consent.

It appears that in March, 1907, E. F. O'Brien executed a note for $3,200, payable to the appellant, J. W. Lynch, and E. W. Tinsley sixty days after date. This note was endorsed by the payees and discounted for O'Brien by the First National Bank of Roanoke. In the body of the note it appeared that thirty-two shares of Roanoke Knitting Mills stock was deposited therewith as collateral. The note was curtailed by O'Brien and renewed from time to time in the same shape, and with the same endorsement, until it was reduced to $2,100. The renewal for $2,100 was in the shape of a plain negotiable note without mention of collateral. At the time of this last mentioned renewal O'Brien withdrew seven shares of the stock, leaving with the bank the remaining twenty-five shares. O'Brien made no further payment. The note was, however, subsequently renewed from time to time, with same endorsement, until it was reduced to $1,800 by payments made by the endorsers.

The evidence is beyond dispute that, when appellant endorsed the several renewals of the $1,800 note now held by the appellee bank and from which he seeks to be released, he had full knowledge of the fact that the seven shares of stock had been withdrawn by O'Brien. Having repeatedly renewed his endorsement of the note after full knowledge of the defense available in respect to the original note, appellant must be held to have waived such defense and to be estopped from availing himself of it as to the renewal. This principle is elementary. Joyce on Defenses to Com. Paper, sec. 649; *Building Asso.* v. *Blair,* 96 Va. 490, 495, 36 S. E. 513; *University Va.* v. *Snyder,* 100 Va. 567, 579, 42 S. E. 337.

Appellant relies upon an alleged parol agreement that he was not to be liable upon his endorsement of the renewals because of the previous withdrawals of the seven shares of stock held as collateral. This parol contract is not satisfactorily shown. This, however, is immaterial, it being settled by numerous decisions of this court that a contemporaneous parol agreement cannot be shown to alter or vary the terms of a valid written instrument. *Towner* v. *Lucas,* 13 Gratt. (54 Va.) 705; *Slaughter* v. *Smither,* 98 Va. 202, 33 S. E. 544; *Percy* v. *Bank,* 110 Va. 132, 65 S. E. 475. The absolute endorsement of the note in question cannot, therefore, be affected by a contemporaneous agreement that notwithstanding such endorsement appellant was not to be bound by it. *Woodward, Baldwin & Co.* v. *Foster,* 18 Gratt. (59 Va.) 200.

The decree denying the relief asked in this case is plainly right and it must be affirmed.

*Affirmed.*