# Richmond.

OETERS V. SUPREME LODGE KNIGHTS OF HONOR.

MARCH 15, 1900.

1. PLEADING—*General Issue—Bill of Particulars—Restriction of General Issue—Burden of Proof.*—The character of the plea of non-assumpsit is not changed by the specification of the grounds of defence required by the statute. The specification does not convert the general issue into a special plea, nor a negative defence into an affirmative one. Its whole object and effect is to limit the scope and operation of the general issue, and to confine the evidence to the particular defences specified. The burden of proof is still on the plaintiff.

2. DEMURRER TO EVIDENCE—*Case at Bar.*—The demurrer to the evidence in this cause was properly sustained. The letters of defendant's agent introduced by the plaintiff contain statements relevant to the issue, uncontradicted by any other evidence in the record, and are therefore to be taken as tending to prove the facts therein stated.

Error to a judgment of the Law and Equity Court of the city of Richmond, rendered February 22, 1899, in an action of *assumpsit*, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*B. T. Crump*, for the plaintiff in error.

*D. C. Richardson* and *G. W. Spooner*, for the defendant in error.

KEITH, P., delivered the opinion of the court.

This case was before us at a former term, and is reported in 95 Va., at page 610. It was then reversed, and a new trial

ordered, and, when it was called in the Law and Equity Court, the defendant was required, at the request of the plaintiff, to state his grounds of defence under the general issue of *non-assumpsit*, the only plea which had been filed. So much of the grounds of defence thus stated as is sufficient to present the point which is, in our judgment, decisive of this controversy, is as follows:

"That certain assessments for the widows' and orphans' benefit fund of the order of the Knights of Honor, were by said constitution and laws payable on or before the last day of January, 1895, none of which assessments were paid by or on behalf of said Martin Oeters to the officer or person authorized to receive the same within the time limited for the payment thereof as aforesaid, and by reason thereof said Martin Oeters from and after the last day of December, 1894, and until his death stood and was suspended from the order of the Knights of Honor, and from beneficial membership therein, and was not in good standing therein at the time of his death, and not entitled to the benefits and privileges thereof; that from and after the time when said Martin Oeters stood and was suspended as aforesaid, to wit: from and after the last day of December, 1894, no reinstatement was made and no steps taken to procure his reinstatement in accordance with the provisions of the constitution and laws of the Knights of Honor, and he was at no time reinstated."

*Non-assumpsit* is a negative plea, and requiring the defendant to state his grounds of defence under that plea does not change its character. The whole object of the statute under which such a requirement is made of a defendant is to give the plaintiff reasonable notice of the particular defence upon which the defendant expects to rely. The issue of *non-assumpsit* is so broad, and embraces such a variety of defences, that it gives little information to the plaintiff of the case which he is expected to meet. He was often surprised, and there was not unfrequently a miscarriage of justice, and it was these evils which

the statute was designed to remedy. The character of the plea is in no degree changed. The specification of defences does not convert the general issue into a special plea, or a negative defence into an affirmative one. Its whole object and effect is to limit the scope and operation of the general issue, and to confine the introduction of evidence to the particular defence which the defendant has disclosed. The burden of proof then was still upon the plaintiff.

Upon this pleading, the plaintiff, Diedrich Oeters, took the stand and testified that he was a brother of Martin Oeters, who died in 1895, and who held a benefit certificate in the Knights of Honor, which was found among his papers after his death. This benefit certificate was put in evidence, accompanied by the application for membership, and two letters, one written by George H. Reith, reporter of the Monroe Lodge, Knights of Honor, and the other by Marsden Bellamy, supreme dictator, Knights of Honor, and both addressed to the plaintiff.

Certain interrogatories propounded to the defendant by the plaintiff, and the answers thereto, with papers accompanying them, were also introduced, and this was all the evidence. Thereupon the defendant demurred, and the jury rendered a verdict for the plaintiff, subject to the demurrer, upon which the court entered a judgment for the defendant. A writ of error was awarded to this judgment upon the petition of Diedrich Oeters.

The contention of the plaintiff in error is that, having introduced evidence showing that Martin Oeters had been admitted as a member of the Knights of Honor, and that a certificate had been duly issued to him as such, the presumption is that he was at the date of the certificate a member in' good standing of that order, and this status, this good standing, is presumed to continue until his death, and casts upon those who controverted it the burden of proof to show that at some period between the date of the issue of the benefit certificate and his death his rights,

as a member in good standing, had been forfeited for failure upon his part to comply with his duty to the order.

Upon the part of the defendant it is contended that the right of Diedrich Oeters to recover is conditioned upon the death of Martin Oeters as a Knight of Honor in good standing; that this was a condition precedent to any recovery, and was put in issue by the defendant's plea of *non-assumpsit*, and that the issue of the certificate is not sufficient to maintain the claim upon the part of the plaintiff.

In the view that we take of the case this feature of the controversy need not be decided.

Plaintiff introduced and read in evidence two letters, one from George H. Reith, reporter of Monroe Lodge, and the other from Marsden Bellamy, supreme dictator, Knights of Honor, which are as follows:

" MONROE LODGE, No. 735, K. OF H.,
RICHMOND, 10 April, 1895.

Mr. D. Oeters:

Sir,—Your communication of 28th March, and 6th April, received; in reply would state, your brother Martin was not a member of this lodge at the time of his death, having been suspended January 1st for non-payment of December assessments, and never having been reinstated.

Yours respectfully,

GEO. H. REITH, Reporter.

Marsden Bellamy, Esq., Wilmington, N. C., is the supreme dictator, to whom I would advise you to address any further communication on this subject."

" SUPREME LODGE KNIGHTS OF HONOR,
OFFICE SUPREME DICTATOR,
WILMINGTON, N. C., May 13, 1895.

MR. DIEDRICH OETERS,
     *No. 231 S. Linden St., Richmond, Va.:*

     *In re claim of Diedrich Oeters.*

Dear Sir,—I received your communication of May 8th, claiming the amount of a benefit certificate as the beneficiary of Martin Oeters, at one time a member of Monroe Lodge, No. 735, K. of H., at Richmond, Va. I know of no reason why I should change my opinion previously expressed, with reference to your claim. Martin Oeters was suspended on January 1, 1895, for the non-payment of the December, 1894, assessments. He was not a member of the order at the time of his death, and his beneficiary cannot therefore be entitled to any claim under his benefit certificate. The courts of this country have, without an exception, held that a suspended member of a fraternal benefit order, who dies during his suspension, leaves him no claim that his beneficiary can set up against the order of which he may have been a member.

         Very truly yours,

            MARSDEN BELLAMY,
         Supreme Dictator, Knights of Honor."

These letters were obviously written in answer to communications from the plaintiff demanding payment of the certificate issued to his brother, Martin Oeters. They could not have been introduced by the defendant, but when offered by the plaintiff were, of course, admitted. The statements made in them are clearly relevant to the issue before the jury, are uncontradicted by any other evidence in the record, and are therefore to be taken as tending to prove the facts stated in them. We need not

undertake to measure and define their exact probative force and effect. It is enough that they are declarations of the defendant offered by the plaintiff, and are germane to the issue. *Downer & Co.* v. *Morrison*, 2 Gratt. 237 and 250. The case, then, before the jury was that Martin Oeters, having taken out a benefit certificate in the Knights of Honor, was suspended on January 1, 1895, for the non-payment of the assessments made against him in December, 1894, and was, therefore, not a member of the order at the time of his death. See *Knights of Honor* v. *Oeters*, 95 Va. 610.

The judgment of the Law and Equity Court is affirmed.

*Affirmed.*