## EVIDENCE AS TO STANDING OF MEMBER OF BENEFICIAL ASSOCIATION.

Circuit Court of Cuyahoga County.

SUPREME CONCLAVE OF THE IMPROVED ORDER OF HEPTASOPHS v. HELEN FIFE.

Decided, June 26, 1905.

*Beneficial Associations—Presumption of Good Standing—Must be Rebutted by Evidence of Equal Weight—Evidence as to Non-Payment of Dues and Suspension.*

1. In an action on a benefit certificate where the defense is that the member was not in good standing at the time of his death, a remittance blank and report sent by the subordinate lodge to the supreme body, reporting such fact, and a card used as part of the bookkeeping system of the supreme body, also showing the same fact, are competent evidence.

2. When both sides have rested and one of the parties has left with the assurance that no more evidence would be introduced by the other side, it is not an abuse of discretion to refuse to receive additional and material evidence thereafter offered by the party giving such assurance.

3. A member of a beneficial association being shown to have been in good standing at one time, the presumption is that he continued in good standing until his death, and the burden is upon the association to rebut this presumption by evidence of equal weight or countervailing force.

WINCH, J.; HENRY, J., concurs; MARVIN, J., dissents.

This was an action brought by the defendant in error against the plaintiff in error as beneficiary of one Isaac N. Fife, to recover on a benefit certificate issued by plaintiff in error, a fraternal benefit association of which said Isaac N. Fife was a member, wherein said association agreed to pay said beneficiary the sum of $1,000 upon the receipt of satisfactory proof of death of said member, provided said member was in good standing in said order at the time of his death. The petition alleges the death of said Isaac N. Fife, and that at his death he was a

member in good standing, and had performed all things by him to be performed, under the terms of said certificate.

The answer sets up as a defense that the member was not in good standing at his death, but had been suspended for failure to pay dues some months previous to his death.

The following errors are alleged to have occurred on the trial of the case in the common pleas court:

1.  A paper writing was rejected which it is said the evidence disclosed was a remittance blank and report sent by the local conclave of which Fife was a member to the Supreme Conclave, showing that he had not paid assessment No. 244, and was suspended for non-payment thereof.

We are inclined to think that the evidence shows that said paper writing was part of the records of the association made by its officers in the course of their duty under the rules of the order and that it was therefore admissible in evidence. But we are unable to say that the evidence shows the facts claimed as to its contents, because no copy of said paper is set forth in an offer to prove its contents, hence we are unable to say that any error in ruling it out was prejudicial, and this assignment of error is therefore overruled.

2.  A card was excluded, which it is said was a part of the book-keeping system of the supreme office and showed non-payment by Fife and his suspension.

We are inclined to think the evidence does show that said card was part of said book-keeping system and that it was admissible in evidence for the reason before stated, but for the reason before given, because no copy of the card is found in the bill of exceptions, this assignment of error is overruled.

3.  It is contended that there was error in rejecting the testimony of the witness Millinger as to the actual suspension of Fife by his local conclave.

It appears from the bill of exceptions that before this evidence was offered the case had been closed and both parties had rested on the previous day. The plaintiff had left the night before and gone to Leetonia, on the express assurance by defendant's counsel that no more evidence would be introduced,

Upon the application by defendant to open up the case for presentation of testimony by Millinger as to a specific matter, leave was so granted. That permission did not include the right to introduce evidence on the subject included within this assignment of error; when it was offered the court refused to permit its introduction for that reason.

Under the circumstances of the case we think there was no abuse of discretion on the part of the trial judge in so ruling, and this assignment of error is overruled.

4. It is said that the court erred as to the burden of proof in holding that plaintiff having shown that her husband was at one time in good standing as a member, he should be presumed to have so continued until the contrary was shown, and that the burden was upon the defendant to show that he had lost his good standing.

The law announced by the trial judge is in accordance with the views of this court as expressed by Judge Baldwin in case of *Hall* v. *Scottish Rite Knights Templar, etc., Aid Assn.,* 6 C. C., 137, 141.

But it is claimed by counsel for plaintiff in error that this presumption was overcome and rebutted by the introduction by the plaintiff herself of certain letters (Exhibits D, E, F, and G, in the bill of exceptions).

We think this point well taken. In so holding we follow the case of *Octers* v. *Supreme Lodge Knights of Honor,* 98 Va., 201.

With the presumption of good standing rebutted, and no proof that the member had paid all assessments due up to his death, the plaintiff failed to make out a case; the motion for a new trial on the ground that the judgment was not sustained by sufficient evidence, should therefore have been granted.

For error in overruling said motion the judgment is reversed and the cause remanded for a new trial.

The motion to direct the clerk of this court to correct the file-mark on the bill of exceptions so as to show that it was filed on April 11, 1905, the day on which it was actually filed, is also granted.