# Wytheville.

## LYNCHBURG MILLING CO. v. NATIONAL EXCHANGE BANK OF LYNCHBURG.

### June 10, 1909.

1. DEMURRER TO EVIDENCE—*Denial of Jury Trial.*—The right to demur to the evidence is no longer an open question in this State. The demurrer does not invade the province of the jury as triers of disputed facts, but, assuming that the evidence demurred to is true, the court is called upon to determine whether such evidence, as a matter of law, warrants a judgment for the demurree. It is a supervisory power invoked and exercised by the courts, whose duty it is to decide questions of law arising upon undisputed facts.

2. NEGOTIABLE INSTRUMENTS—*Holder for Value—Presumption.*—In a contest between the payee of a bill of exchange and the drawer thereof, or a creditor of the drawer, over the proceeds of the draft, the payee, by the very terms of the Negotiable Instruments Act, is presumed *prima facie* to be a holder for value, and the burden is on the party denying it to prove the contrary.

3. NEGOTIABLE INSTRUMENTS—*Holder for Value—Agent to Collect.*— Where a bank, in answer to a garnishment sued out by the drawee of a draft against the drawers thereof, states that it is not indebted to the drawers but holds the fund for a bank in another State, which was the payee of the draft, and forwarded it to the garnishee for collection, the facts that the non-resident bank employed no counsel to defend the suit, to which it was not a party, and stamped on the bill of lading attached to the draft that it was not responsible for the quantity, quality or delivery of the goods, and endorsed the draft without recourse, and that the drawers waived protest and notice, and that the draft which had been once returned was afterwards forwarded, with a pencil memorandum attached bearing the initials of the drawers: "Please send back and present again," are not inconsistent with the payee's *bona fide* ownership of the draft, and

.   do not overcome the legal presumption that it is a holder for value, and not a mere agent for collection.

4. Appeal and Error—*Harmless Error.*—This court will not reverse a case for the exclusion of evidence. by the trial court which could not have affected the result.

Error to a judgment of the Corporation Court of the city of Lynchburg in an action of *assumpsit.* Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Harrison & Long,* for the plaintiff in error.

*Caskie & Coleman,* for the defendant in error.

Whittle, J., delivered the opinion of the court.

The plaintiff in error, the Lynchburg Milling Company, brought an action of *assumpsit* against the White and Rumsey Grain Company of Chicago, Illinois, for the recovery of $550, at the same time issuing an ancillary attachment and designating the defendant in error, the National Exchange Bank of Lynchburg, Virginia, as being indebted to and having effects of the defendant in its possession.

The Exchange Bank answered, denying the suggestion, but stated by way of explanation that it had received from and on account of the Continental National Bank of Chicago a draft drawn by the defendant, the White and Rumsey Grain Company, on the plaintiff, the Lynchburg Milling Company, in favor of the Chicago bank for $533.35 for collection—to which draft a bill of lading was attached for a carload of oats shipped by the defendant to the plaintiff; that the draft was paid by the plaintiff to respondent, and the amount placed to the credit of the Chicago bank, but the fund was not remitted because of the pendency of the attachment. Whereupon, the plaintiff suggested that the garnishee had not fully answered, and a

jury was impaneled to inquire whether the amount in the hands of the Exchange Bank was the property of the defendant, the White and Rumsey Grain Company, or of the Chicago bank.

At the conclusion of the testimony for the plaintiff on that issue, the Exchange Bank demurred to the evidence, and to a judgment sustaining the demurrer this writ of error was allowed.

The first assignment of error involves the action of the court in compelling the plaintiff to join in the demurrer to the evidence.

The plaintiff insists that it had an absolute right to a trial by jury under the statute of which it was deprived by the court's action in requiring it to join in the demurrer. But that assignment is founded on a misconception of the office of a demurrer to evidence. It does not invade the province of the jury as triers of disputed facts, but, assuming that the evidence demurred to is true, the court is called on to determine whether such evidence as a matter of law warrants a judgment for the demurree. In other words, it is a supervisory power over jury trials invoked and exercised by the courts whose duty it is to decide questions of law arising upon undisputed facts.

In 6 Ency. of Pleading and Practice, 439, it is said: "There is nothing in this practice which is in contravention of jury trial." Citing *Hopkins* v. *Nashville, &c. Ry. Co.,* 96 Tenn. 409, 34 S. W. 1029, 32 L. R. A. 354.

That case contains an exhaustive review of the authorities, and shows that the practice obtains in about one-half of the States of the Union, while in the United States courts and the courts of other States much more drastic methods prevail, such as directing verdicts and ordering non-suits. The practice has come down to us from the common law and is too thoroughly embedded in our jurisprudence to admit of serious question.

The next assignment ascribes error to the ruling of the court in sustaining the demurrer to the evidence.

As remarked, the sole issue of fact was whether the avails of the draft in the hands of the Exchange Bank were the property of the White and Rumsey Grain Company, or of the Chicago bank.

The Negotiable Instrument Act (Va. Code, 1904, sec. 2841a, 24), declares that "every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value."

The Lynchburg Milling Company can stand on no higher ground in respect to this litigation than the maker of the draft, the White and Rumsey Grain Company, would have occupied at the suit of the Chicago bank. In either case, under the statute, the Chicago bank would *prima facie* be deemed a holder for value.

In addition to this *prima facie* presumption, the Lynchburg Milling Company put in evidence a letter written by the White and Rumsey Grain Company to the Exchange Bank, in which it expressly declares that the fund in controversy is "the property, not of our company, but of your correspondent, the Continental National Bank."

In the case of *Oeters* v. *Knights of Honor,* 98 Va. 201, 205-206, 35 S. E. 356, in discussing the effect of certain letters from the defendant to the plaintiff, Keith, P., in delivering the opinion of the court, observes: "They could not have been introduced by the defendant, but when offered by the plaintiff were, of course, admitted. The statements made in them were clearly relevant to the issue before the jury, are uncontradicted by any evidence in the record, and are, therefore, to be taken as tending to prove the facts stated in them. We need not undertake to measure and define their exact probative force and effect. It is enough that they are declarations of the defendant offered by the plaintiff, and are germane to the issue." Citing *Downer & Co.* v. *Morrison,* 2 Gratt. 238, 250.

In this state of the case the burden rested upon the plaintiff

to prove that the White and Rumsey Grain Company was the owner of the fund and that the Chicago bank held the draft, not for value, but for collection merely.    If that had been the true theory of the case, the Chicago bank would have had no interest in concealing the fact and the deposition of one of its officers would have put the question at rest.

The plaintiff, however, did not undertake to disprove the *prima facie* title of the Chicago bank by direct evidence, but chose rather to rely on certain circumstances as tending to sustain its contention.    For instance, it was said that the Chicago bank had not asserted claim to the fund or employed counsel to maintain it.    But the fact must not be lost sight of that the bank was not a party to the litigation, and, doubless, preferred to leave the defense to the White and Rumsey Grain Company, which was a party, and would have been liable over to the payee in the event the fund was held subject to the plaintiff's attachment.    In its correspondence with the Exchange Bank, the Chicago bank uniformly claimed the proceeds of the draft, and acted under the advice of counsel in Chicago.

Our attention has also been called to the circumstances, that the drawers waived protest and notice, and that after the draft had been dishonored and returned to the Chicago bank, the plaintiff wrote the defendant to return the draft and it would be promptly honored.    When the draft came back the second time, there was a slip attached with a pencil memorandum bearing the initials of the White and Rumsey Grain Company, "please send back and present again;" and also, that the Chicago bank stamped on the bill of lading that it was neither responsible for the quantity, quality nor delivery of the goods, and indorsed the draft without recourse.

We do not regard these circumstances inconsistent with the Chicago bank's *bona fide* ownership of the draft.    The drawer, a wholesale grain company, resided in Chicago and the draft was drawn on a customer in a distant State.    In the event the draft was not paid, the Chicago bank would have had ready

recourse against the drawer; and it seems to us that its action was not incompatible with ordinary business methods and the dictates of common prudence.

Lastly, the ruling of the court in excluding certain correspondence between the Lynchburg Milling Company and the White and Rumsey Grain Company is made the ground of exception.

The excluded letters if admissible possessed very little probative value and could not have affected the result, so that the error, if error there was, in excluding the letters was harmless.

Upon the whole case the judgment is plainly right and must be affirmed.

*Affirmed.*