# CHARLESTON.

NUNZIATO DI FELICE FU VINCENZO *v.* RICHWOOD BANKING & TRUST CO.

Submitted March 13, 1923.    Decided March 20, 1923.

1. DEMURRER TO EVIDENCE—*Where Parties Join in Demurrer to Plaintiff's Evidence, Question Whether, Assuming Evidence True, it Warrants Judgment for Demurree.*

   Where defendant demurs to plaintiff's evidence, and plaintiff joins therein, the case is virtually withdrawn from the jury and submitted to the court for inquiry, whether, assuming the evidence offered to be true, it warrants a judgment for the demurree.   (p. 372).

2. MONEY RECEIVED—*Evidence Held Sufficient to Warrant Recovery of Money Paid to Bank for Equivalent in Foreign Money.*

   In an action of assumpsit to recover money paid by plaintiff for the delivery of its equivalent in foreign money to a designated person in Italy, plaintiff proved:

   (a). The payment on May 17, 1919, of $1000 to defendant bank, for which defendant agreed to transmit 7500 lire to plaintiff's brother-in-law in Italy.

   (b). The acknowledgment eighteen months later by defendant's correspondent bank at Genoa that the money had been lost in the Italian mails, recovered, and recalled by defendant's agent in New York.

   (c). The tender to plaintiff by defendant of, first, $350.00, and later, $727.50, which amounts defendant represented as the then current value of 7500 lire, as reimbursement for the money it failed to deliver.

These facts make out a prima facie case for recovery, and warrant the over-ruling of defendant's demurrer to the evidence by the court. (p. 372).

3. SAME—*Plaintiff, in Action to Recover Money Paid Bank for Delivery of Equivalent in Foreign Money, May Recover Money in Defendant's Hands Founding Declaration on Common Counts.*

Plaintiff having done everything required of him to be done by his contract with the bank, and the consideration of the defendant having wholly failed through its failure to transmit the money as agreed; plaintiff may, in his action of assumpsit to recover the money in defendant's hands, found his declaration solely upon the common counts. He need not declare specially on the contract. (p. 373).

4. APPEAL AND ERROR—*Appellate Court Cannot Consider Errors, or Inquire Into Jury's Findings, Where no Motion to set Aside or for New Trial Made.*

Defendant having failed in the circuit court to make a motion to set aside the verdict or award a new trial, this court can not, on writ of error, consider alleged errors in the rulings of that court on the admission or rejection of testimony, or inquire into the correctness of the jury's finding as to the quantum of damages. (p. 374).

Appeal from Circuit Court, Nicholas County.

Action by Nunziato Di Felice Fu Vincenzo against the Richwood Banking & Trust Company. From a judgment for plaintiff, defendant appeals.

*Affirmed.*

*Alderson & Breckinridge,* for plaintiff in error.
*Wolverton & Ayres,* for defendant in error.

MEREDITH, JUDGE:

Plaintiff, on September 20, 1921, instituted his action of assumpsit to recover $1150, money of the plaintiff had and received by the defendant, and obtained a verdict and judgment for the full amount. The declaration consists of the common counts and is accompanied by the following bill of particulars:

"Richwood Banking and Trust Company, a corporation.

To Nunciato De Felice Fu Vincenzo    Dr.

May 17th, 1919—To money had and received
   by defendant for the use of the plaintiff. .$1000.00.

Nov. 17, 1921, To interest on above amount
   from May 17, 1919, to Nov. 17, 1921......    150.00

Total amount due plaintiff................    1150.00"

Defendant filed two pleas, both termed special pleas. The first is a plea of non-assumpsit. The second is a plea of tender and payment into court of $727.50, part of the amount sued for, which sum defendant alleges it is ready and willing to pay, and tenders the same into court ready to be paid to the plaintiff if he will accept the same.

. The evidence consists of the testimony of the plaintiff, the witness, Marco Distifano; the depositions of certain employees of Knauth, Nachod & Kuhne, the New York correspondents of defendant; and exhibits filed. It discloses that on May 17, 1919, plaintiff paid to defendant bank the sum of $1000, with which defendant agreed to purchase 7500 lire and transmit the same to Tommassi Gianguilli Fu Antonio, plaintiff's brother-in-law, whose address was given as Ari, in the province of Chieti, in Italy. By order of the same, date, defendant purchased from its New York correspondent, named above, the 7500 lire payable in Italy as aforesaid. The money order was promptly forwarded, under date of May 22, 1919, by the New York firm to its Genoa correspondents, with instructions to endeavor to effect payment to the beneficiary of the money order. The money never reached the payee. As evidence of the transaction, plaintiff received from defendant two papers, one a receipt, the other a "Notification of Money Order," No. 179272, dated May 17, 1919, and signed by an agent of defendant, which notice bore directions that it should be forwarded to the payee abroad. It appears, however, that plaintiff mailed the receipt instead.

In October, 1919, plaintiff visited Italy and learned that the money had not reached his brother-in-law. He communicated with the Genoa bank, and by letter dated October 18, 1920, approximately one year later, was informed by that institution that the money order was there but had been recalled by the New York firm. In the meantime, by letter of

November 18, 1919, Knauth, Nachod & Kuhne were advised by the Genoa bank that the money order was lost in transmission in the Italian Government mails, the loss occurring about July, 1919. It was subsequently recovered from the Italian Post Office Department, hence the letter of the Genoa bank to plaintiff, dated October 18, 1920, advising that the money was in its hands and of its recall. The New York company was advised of its recovery by letter of October 16, 1920. The rules of the Italian Mail Service seem to allow one year after loss before reimbursement of lost money orders can be required.

On January 17, 1921, plaintiff returned to America and immediately demanded that defendant return to him the $1000. Owing to fluctuations in the foreign exchange, 7500 lire were no longer worth $1000 on the market, and defendant offered to plaintiff $350, approximately their then current value. This offer was later increased to $727.50, the value of 7500 lire as of October 10, 1919, the date fixed by defendant as approximating the date of the loss. Plaintiff insisted upon the full amount, for which, as shown by the bill of particulars, he sues.

All of the evidence outlined above was introduced by the plaintiff, save the evidence arising from the correspondence between the defendant bank and Knauth, Nachod & Kuhne, in New York, and the correspondence between the latter firm and the bank of Genoa. Yet, defendant demurred to the evidence introduced by plaintiff, and insists here that the circuit court erred in over-ruling such demurrer. Its counsel argue in their brief that plaintiff's evidence is vague and uncertain, and that after excluding objectionable evidence, proved no more than that he gave defendant $1000 ''to send to Italy to do something,'' that being the language used by plaintiff in answer to one question on direct examination. A demurrer to evidence raises but one question: assuming that the evidence demurred to is true, does it as a matter of law warrant a judgment for the demurree? *Lynchburg Mailing Co.* v. *National Exchange Bank,* 109 Va. 639, 64 S. E. 980. We can not see in the proof offered by plaintiff the vagueness and uncertainty contended by defendant. We think he has substantially shown the following facts:

1.  The payment of $1000 to the defendant bank on May 17, 1919, and the agreement of defendant to transmit therefor 7500 lire to the payee in Italy. In support of this, plaintiff introduced the notification of money order referred to, as well as oral testimony.

2.  The failure of the defendant to transmit the money or any part of it to the payee, shown by the acknowledgment of the Genoa bank that it held the money in October, 1920, subject to the New York firm's order of recall; and the tender of, first, $350, and later, $727.50 by the defendant in settlement of the transaction. The letter of the Genoa bank is in evidence as plaintiff's exhibit No. 2.

Admittedly, upon receipt of the $1000, defendant was bound to employ reasonably expeditious and proper means to deliver the money to the payee. This, defendant seems to have done. While in transit, however, the money order, which represented the money, was lost, and upon its recovery, without the consent, or, for a time, the knowledge of plaintiff, it was returned to the forwarding agency in America, and ultimately all or part of the money reached the defendant. Certainly it was not the property of the defendant, and if defendant could not carry out its contract of delivering the money to the payee it was its duty to return the same to the plaintiff. This duty defendant substantially admits in its plea of tender, but there, as well as in the evidence, it seeks to fix the amount of reimbursement at less than $1000. That is a matter to which we shall presently advert. In arguing the demurrer defendant denies the sufficiency of any of plaintiff's proof. Says defendant: plaintiff failed to prove a contract or the particulars thereof by the best evidence thereof; failed to prove non-delivery of the money; failed to prove reasonable time for delivery; failed to prove any facts requiring a refund under the evidence; and failed in divers other matters of proof deemed by defendant essential. We will consider for a moment these objections. There is no evidence in the record of any written contract which would constitute the best evidence of the transaction between plaintiff and the defendant, unless it be the receipt, which seems to have been forwarded by plaintiff to the payee. That may have recited the terms of the arrangement, or it may not.

Non-delivery of the money is conclusively shown by the letter of the Genoa bank to plaintiff, as well as positive oral testimony of the plaintiff. Reasonable time for delivery ceased to be an issue in this case long before plaintiff made a demand upon defendant for the return of his money. The money having been returned to defendant, as heretofore stated, plaintiff's right of reimbursement can not be questioned. Other propositions urged as sustaining the demurrer to the evidence are without legal argument to support them either in fact or in the brief.

But one question has appealed to us as serious in regard to this demurrer and it has not been raised in argument. Can the contract proved by plaintiff be the basis for recovery under the common counts? If not, the evidence is clearly insufficient to support recovery. In other words, an express promise having been shown in the contract with the bank, can plaintiff nevertheless rely upon the implied promise to pay, which results from defendant's failure to carry out the contract and its retention of plaintiff's money? True though the law may be that, there being money in the hands of defendant which in equity and good conscience is the property of the plaintiff, it may be recovered under the common counts for money had and received, (*Thacker* v. *Hubard*, 122 Va. 379, 94 S. E. 929; *Pinkney* v. *Kanawha Valley Bank*, 68 W. Va. 254, 271; 69 S. E. 1012; 2 Ency. Pl. & Prac. 1016) it might appear, under the theory that implications of law must give way to express contracts, that the evidence of an express contract offered here would only support a declaration in which the contract is declared on specially. Investigation of the authorities dissipates any uncertainty on the question, however. "Where a plaintiff has done everything, which has to be executed on his part, and nothing remains to be done but the performance of a duty on defendant's part to pay money due the plaintiff under contract, the plaintiff may recover on the common counts in assumpsit, and need not declare specially." *Jackson* v. *Hough*, 38 W. Va. 236, 18 S. E. 575. Accord: *Moore* v. *Supervisors of Wetzel County*, 18 W. Va. 630; *Baltimore & Ohio R. R. Co.* v. *Lafferty*, 2 W. Va. 104; *Bannister* v. *Coal & Coke Co.* 63 W. Va. 502, 507, 61 S. E. 388; *Lord & McCracken* v. *Hender-*

*son*, 65 W. Va. 321, 64 S. E. 134; Burks, Pl. & Prac. (2d. ed.) page 119. This rule follows the broad legal proposition that money paid on a contract, the consideration for which has wholly failed, may be recovered back under the common count for money had and received. *Johnson's Ex'x.* v. *Jenning's Adm'r.*, 10 Grat. (Va.); *Haigh* v. *U. S. B. L. & L. Ass'n.*, 19 W. Va. 792, 802; *Buena Vista Co.* v. *McCandlish & Clowes*, 92 Va. 297, 23 S. E. 781; Kittle, Modern Law of Assumpsit, §109. Viewed in the light of these principles, plaintiff's right of recovery on the common counts can not be doubted.

Defendant, by about five assignments of error, further endeavors to reverse the judgment of the trial court by pointing out alleged errors in its rulings on the admission and rejection of evidence, particularly in regard to the market value of lire on certain dates subsequent to the loss in the mails. As to the rulings of the court on these matters, and the jury's finding as to the amount to which plaintiff is entitled, defendant, on the record before us is without remedy in this court. Defendant made no motion in the circuit court either to set the verdict aside or to award it a new trial. In the absence of such motion, this court, upon demurrer to the evidence, can only consider whether the evidence supports plaintiff's claim for recovery. We can not determine the correctness of the circuit court's rulings on evidence or the jury findings so far as the quantum of damages is concerned. *West Virginia Architects etc.* v. *Stewart*, 68 W. Va. 506, 70 S. E. 113; *Uhl* v. *Railroad Co.*, 56 W. Va. 494, 49 S. E. 378.

Approving the action of the circuit court in overruling defendant's demurrer, and being unable to consider the other errors assigned, the judgment is affirmed.

*Affirmed.*