PRESENT: Lemons, C.J., Mims, McClanahan, Powell, Kelsey, and McCullough, JJ., and Koontz, S.J.

SUNTRUST BANK

                                             OPINION BY

v. Record No. 151935                        JUSTICE WILLIAM C. MIMS
                                           October 27, 2016

PS BUSINESS PARKS, L.P.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Robert J. Smith, Judge

In this appeal, we consider whether the circuit court erred by placing the burden of proof in a garnishment proceeding on SunTrust Bank, the garnishee, rather than on PS Business Parks, L.P. ("PS Business"), the judgment creditor. Additionally, we consider whether the circuit court erred by finding that SunTrust was indebted to Deutsch & Gilden, Inc. ("Deutsch"), the judgment debtor, in the amount of $1.2 million.

## I.      BACKGROUND AND MATERIAL PROCEEDINGS

PS Business leased a storefront to Family Furniture Centers, Inc. Deutsch guaranteed the lease. After Family Furniture Centers and Deutsch stopped paying rent, PS Business obtained a judgment against the companies in the amount of $664,923.34 plus interest and attorney's fees. PS Business filed a garnishment summons, which named Deutsch as the judgment debtor and SunTrust as the garnishee, against "all accounts, including [the] account ending [in] 61663." The garnishment summons was served on SunTrust on March 5, 2013 with a return date of April 12, 2013.

In response, SunTrust processed a $15,050.11 legal order debit against an account titled to Deutsch ending in 95497 and filed a check in that amount with the circuit court. SunTrust also filed a check for $133,656.69 drawn from an account ending in 61663, which was owned by G&D Furniture Holdings, Inc. ("G&D").

G&D filed a motion to quash the garnishment of account 61663. PS Business filed a cross-motion to ascertain the funds held by SunTrust in accounts 61663 and 95497. At the hearing on the motions, Andrew Dolson, vice president and assistant general counsel for SunTrust, testified that accounts 61663 and 95497 were part of a "zero balance account arrangement." In such arrangements there is a master account and several subsidiary accounts. The funds in the subsidiary accounts are transferred daily into the master account. According to Dolson, this consolidation of available funds from the subsidiary accounts allows the master account owner to "put the cash to some good effective use." For example, the funds "might be invested overnight in some securities investment."

Funds are transferred from the master account back to subsidiary accounts as needed to answer for demands presented against them such as paying checks, honoring automated clearing house debits, and performing wire transfers. Dolson indicated that account 61663 is the master account in the zero balance arrangement and account 95497 is a subsidiary account.

When SunTrust receives a garnishment summons for an account that is a part of a zero balance arrangement, it typically severs the ties between the master and subsidiary accounts. This was not done when SunTrust received the garnishment summons for account 95497, which caused "funds to flow into [it] from the master [account]." Dolson testified that as a result the balances reflected on the account statements were "not just faulty . . . or unreliable" but "preposterously oversized amounts."

The circuit court granted G&D's motion to quash the garnishment of account 61663. The court also ordered payment to PS Business of $15,050.11, the amount of the check drawn on account 95497. PS Business appealed to this Court. We affirmed the circuit court's ruling with respect to the garnishment of account 61663:

In the absence of evidence regarding the contractual relationship between the Deutsch and G&D accounts, the periodic transfer of funds between those accounts does not establish a debtor relationship between SunTrust and Deutsch to the funds in G&D account 61663 that would subject those funds to a claim by a creditor with a judgment against Deutsch.

*PS Business L.P. v. Deutsch & Gilden, Inc.*, 287 Va. 410, 417-18, 758 S.E.2d 508, 511 (2014).

We reversed the order of payment from account 95497, however, finding that the statements showed that SunTrust's indebtedness to Deutsch exceeded $15,050.11:

> [A]ny funds that reached the account between March 5, 2013 and April 12, 2013, the garnishment period, were funds that Deutsch was entitled to and, consequently, were funds subject to garnishment.
>
> . . . .
>
> While the large majority of these funds flowed from and to G&D account 61663, the bank statements in evidence also reveal credits from and debits to accounts other than G&D account 61663 during the garnishment period. When the sums were credited to Deutsch's account, they became subject to SunTrust's obligation as debtor to the depositor, Deutsch, and thus subject to garnishment by Deutsch's judgment creditors, including PS Business.
>
> . . . .
>
> However, the extent to which the deposits exceeded $15,050.11 is not clear from the record before us because the circuit court did not make any factual determination to ascertain funds held by SunTrust in Deutsch account 95497 during the garnishment period as requested by PS Business in its cross-motion. Absent this requisite inquiry, the record is silent as to which deposits were funds circulating between G&D account 61663 and Deutsch account 95497 during the garnishment period, and which deposits contained new funds.

*Id.* at 419-20, 758 S.E.2d at 512-13.

Accordingly, we remanded the case for

3

a detailed inquiry into SunTrust's indebtedness to Deutsch for funds in account 95497 over the garnishment period which would create an obligation to PS Business through its garnishment summons. During the course of this inquiry, G&D and SunTrust will have the opportunity to assert defenses raised below that the funds belonged to G&D and not Deutsch, and that any funds deposited were revolving funds, the same funds repeatedly passing between G&D account 61663 and Deutsch account 95497, or any other relevant defense to liability . . . .

*Id.* at 422, 758 S.E.2d at 514.

On remand, PS Business entered into evidence account statements covering the garnishment period for accounts 61663 and 95497. The statements for account 95497 showed that more than $1.2 million in deposits and credits reached the account in March 2013. PS Business then rested its case. SunTrust called Dolson as a witness, who again explained the nature of zero account balance arrangements and the relationship between accounts 61663 and 95497. He also explained that when SunTrust receives a garnishment summons it places a "post no debits" hold on the subject account in an amount sufficient to satisfy the garnishment. A "post no debits" hold allows the account to receive deposits but prevents debits that would cause the account to fall below the amount of the hold. Dolson testified that SunTrust placed a "post no debits" hold in account 95497, but it failed to sever it from account 61663. As a result, zero balance credits "start[ed] flowing from the master account" into account 95497. Notably, these credits were not caused by "normal [demands] like checks and other items being presented for payment." In turn, these credits were swept back to the master account at the end of each day.

Dolson testified that these revolving daily transfers did not "even reflect real money." He compared the situation to "check kiting," "where [the balance] just gets larger and larger because it is taking . . . nonexistent money and sweeping it over here and then sending that money back and then bringing it back again as though it's a fresh new deposit." Dolson testified that "the

4

master account didn't really ever have that kind of money in it."  He then apologized, admitting that SunTrust should have severed the relationship between the accounts, which would have prevented the zero balance credits.

Dolson also identified several deposits into account 95497 during the garnishment period that reflected "real dollars."  For example, on March 6, 2013, there was a $896.40 entry entitled "ELECTRONIC/ACH CREDIT FAMILYFURNLANDOV MERC DEP," which represented a "payment from the outside world for $896.40 worth of goods or services."  He explained that these were deposits of "real dollars" that SunTrust should have captured pursuant to the garnishment.  He concluded that the sum of these deposits totaled $2,142.42 in addition to the $15,050.11 SunTrust previously admitted to owing.

During closing argument, SunTrust argued that PS Business bore the burden of proof to show the extent of the obligation owed by SunTrust to Deutsch.  PS Business responded by arguing that it had met its burden of proof by entering the account statements into evidence.  In its view, SunTrust bore the burden of proof to show which deposits were "revolving funds" and which were "real" money.  In other words, PS Business took the position that SunTrust was presenting an affirmative defense.

After taking the matter under advisement, the circuit court issued a letter opinion:

> The Supreme Court of Virginia noted that during the garnishment period (March 5, 2013 to April 12, 2013), more than $1.2 million in deposits reached the account . . . . The Supreme Court pointed out that I had failed to conduct the required evidentiary hearing to determine how much of the $1.2 million exceeded the amount ordered ($15,050.11).  This Court conducted that evidentiary hearing on October 30, 2014.
>
> The Supreme Court stated that during the [hearing on remand] "G&D and SunTrust will have the opportunity to assert defenses raised below that the funds belonged to G&D and not Deutsch, and that any funds deposited were revolving funds, the

5

same funds repeatedly passing between G&D account 61663 and Deutsch account 95497, or any other relevant defense to liability for the amount of the judgment based upon SunTrust's indebtedness to Deutsch for the sums in Deutsch account 95497 during the garnishment period." . . . In other words, as [counsel for PS Business] argued, G&D and SunTrust have the burden of proof.

The court concluded:

[N]either G&D nor SunTrust has satisfied that burden of proof. The fact that the accounts and the linking of the accounts were a confused mess does not justify dismissing the garnishment.

The Court denies the motion to dismiss the garnishment.

The circuit court subsequently ordered a payment of $706,755.17 to PS Business. This order found that Deutsch was indebted to PS Business for this amount, and that SunTrust was indebted to Deutsch "in the sum of One Million Two Hundred Thousand Dollars." After thirty days elapsed without payment, the court entered judgment against SunTrust pursuant to Code § 8.01-516.1 for $706,755.17 plus interest.

## II. ANALYSIS

### A. Burden of Proof

On appeal, SunTrust argues that the circuit court erred by placing the burden of proof on it, the garnishee, instead of on PS Business, the judgment creditor. To address this argument, we must consider whether the extent of SunTrust's liability to Deutsch constitutes a prima facie element of PS Business' claim or is an affirmative defense. This is a question of law reviewed de novo. *Smith v. McLaughlin*, 289 Va. 241, 260, 769 S.E.2d 7, 17 (2015) ("Whether a factual issue constitutes a prima facie element of a claim, or is an affirmative defense, is a question of law reviewed de novo.").

"The phrase 'burden of proof' refers to two related but distinct concepts: (1) The 'burden of production,' which is the obligation to come forward with evidence to make a prima facie case

6

. . ., and (2) the 'burden of persuasion,' which is the obligation to introduce evidence that actually persuades the fact finder to the requisite degree of belief that a particular proposition of fact is true." Charles E. Friend & Kent Sinclair, The Law of Evidence in Virginia § 5-1[a], at 298 (7th ed. 2012). The burden of persuasion is sometimes referred to as the "risk of non-persuasion," because the party that bears the burden of persuasion must lose the case if the evidence leaves the factfinder in doubt. *Wetlands Am. Trust, Inc. v. White Cloud Nine Ventures, L.P.*, 291 Va. 153, 162, 782 S.E.2d 131, 136 (2016) (citing Friend & Sinclair, *supra*, § 5-1[c], at 299).

"Garnishment is a proceeding which exists only by virtue of statutory enactment." *Lynch v. Johnson*, 196 Va. 516, 520, 84 S.E.2d 419, 421 (1954); *see* Code § 8.01-511. "In proceedings by garnishment under an execution, when the claim is that there is a debt due by the garnishee to the judgment debtor, the object is to ascertain whether there is or was such a debt, and its amount, at a time which created a liability on the garnishee, by reason of the execution having become a lien on the money so due." *Fentress v. Rutledge*, 140 Va. 685, 687, 125 S.E. 668, 669 (1924). If the judgment creditor suggests that the garnishee has failed to fully disclose his liability, the court must inquire into the liability of the garnishee. Code § 8.01-519; *see also* Code §§ 8.01-564 & 8.01-565. "The issue then is as to the liability of the garnishee for a debt to the judgment debtor, upon the trial of which the [judgment creditor] *has the affirmative*, and the garnishee the negative . . . ." *Fentress*, 140 Va. at 687-88, 125 S.E. at 669 (emphasis added); *see also Good v. Dyer*, 137 Va. 114, 131, 119 S.E. 277, 281 (1923) ("The party who maintains the affirmative of an issue carries the burden of proof through the whole case."); *Lynchburg Milling Co. v. National Exchange Bank*, 109 Va. 639, 642-43, 64 S.E. 980, 982 (1909) ("In this state of

7

the case the burden rested upon the plaintiff to prove that the [defendant] was the owner of the fund and that the [garnishee] held the draft, not for value, but for collection merely.").

As we implied in our prior opinion, the extent of SunTrust's liability constitutes an element of PS Business's claim, and therefore PS Business bears the burden of *persuasion* on this element. *See PS Business*, 287 Va. at 420, 758 S.E.2d at 513 (after noting that the account statements and the testimony of Dolson clearly indicated that the amount of indebtedness exceeded $15,050.11, we found that the circuit court failed to make "any factual determination" based on the evidence presented by PS Business to support its challenge); *see also id.* at 423, 758 S.E.2d at 514 (McClanahan, J., dissenting) ("[L]ike any plaintiff, a judgment creditor bears the burden of proving damages."). Although the burden of production frequently "passes" between the parties, the burden of persuasion as to an element of the plaintiff's claim never shifts. *Hall v. Hall*, 181 Va. 67, 80, 23 S.E.2d 810, 815-16 (1943).

PS Business made a prima facie case by entering the account statements into evidence. The burden of *production* passed to SunTrust, and it presented Dolson's testimony to contest the extent of its indebtedness. PS Business, however, always retained the burden of *persuasion* as to the extent of SunTrust's indebtedness. If the account statements failed to reveal the actual indebtedness or were inconclusive, PS Business failed to carry its burden of persuasion, and the circuit court was required to find against it. *See Wetlands*, 291 Va. at 162, 782 S.E.2d at 136.

While the circuit court was free to discredit the evidence presented by SunTrust and find the evidence presented by PS Business persuasive, this is not what occurred. Rather, the circuit court improperly shifted the burden of persuasion to SunTrust. *See* Letter Opinion, *PS Business L.P. v. Deutsch & Gilden, Inc.,* Case No. CL-2013-3981, at 2 (Fairfax Cnty. Cir. Ct. July 1, 2015) ("I conclude that neither G&D nor SunTrust has satisfied that burden of proof."). The

8

record indicates that the circuit court misunderstood the procedural posture of the case before it. We remanded the case to the circuit court for the purpose of resolving PS Business' assertion that SunTrust failed to disclose the extent of its liability. Yet the circuit court approached the proceeding as one to dismiss the garnishment. *See id.* at 2 (Fairfax Cnty. Cir. Ct. July 1, 2015) ("The Court denies the motion to dismiss the garnishment."). This likely contributed to its erroneous decision to place the burden of persuasion on SunTrust.

Additionally, we did not hold that SunTrust would bear the burden of persuasion on remand. The opinion stated only that "G&D and SunTrust will have the opportunity to assert defenses raised below that the funds belong to G&D and not Deutsch, and that any funds deposited were revolving funds." *PS Business*, 287 Va. at 422, 758 S.E.2d at 514. This merely acknowledged that SunTrust, as garnishee, was entitled to challenge the elements of PS Business' claim or otherwise contest its purported liability by presenting a defense. *See, e.g.*, *Lynch*, 196 Va. at 521, 84 S.E.2d at 422 ("If, however, the evidence establishes that the judgment debtor had no right to demand payment . . . of the insurance company for his own benefit, then the trial court was correct in holding that the [judgment creditor] was not entitled to any of the insurance proceeds."); *Combs v. Hunt*, 140 Va. 627, 631-32, 125 S.E. 661, 662-63 (1924) (the garnishee — an insurance company — presented its contract with the judgment debtor as a defense, arguing that there was no present fixed liability upon it to pay the insured judgment debtor).

### B. SunTrust's Indebtedness to Deutsch

In its final order for payment, the circuit court found that SunTrust was indebted to Deutsch in the sum of $1.2 million during the garnishment period. This finding is plainly wrong and without evidentiary support. *Lovitt v. Warden*, 266 Va. 216, 229, 585 S.E.2d 801, 808

9

(2003) (factual findings of a court will not be disturbed on appeal unless plainly wrong or without evidentiary support).

"[A] judgment creditor can institute garnishment proceedings if 'there is a liability' on a third person to the judgment debtor." *Network Solutions, Inc. v. Umbro Int'l, Inc.*, 259 Va. 759, 768, 529 S.E.2d 80, 85 (2000) (quoting Code § 8.01-511). "The relationship between a general depositor and the bank in which its deposit is made is simply that of creditor and debtor. The monies deposited become the property of the bank and the bank becomes a debtor to that depositor." *PS Business*, 287 Va. at 417, 758 S.E.2d at 511 (citing *Bernardini v. Central Nat'l Bank*, 223 Va. 519, 521, 290 S.E.2d 863, 864 (1982)). Thus, a judgment creditor cannot garnish funds in a deposit account without establishing a debtor relationship between the bank and the judgment debtor. *See PS Business*, 287 Va. at 417-18, 758 S.E.2d at 511.

On remand, PS Business entered account 95497's statements into evidence and rested its case. It took the same position that it took during the first case, that "the total sum of deposits [that entered] account 95497 during the garnishment period are subject to the garnishment summons." *PS Business*, 287 Va. at 418, 758 S.E.2d at 512. The account statements, however, fail to establish that the zero balance credits created a debtor relationship between SunTrust and Deutsch.

Upon receiving the garnishment summons, SunTrust placed a "post no debits" hold on account 95497, but it failed to sever its ties to the master account. This administrative error is the sole cause of the zero balance credits. Normally, under the zero balance arrangement, outside demands presented against the subsidiary account cause funds to flow into it from the master account. Indeed, Deutsch was not "entitled to" the funds in the master account until they "reached" its subsidiary account to satisfy such demands. *Id.* at 417-18, 419-20, 758 S.E.2d at

10

511, 512 ("In the absence of evidence regarding the contractual relationship between the Deutsch and G&D accounts, the periodic transfer of funds between those accounts does not establish a debtor relationship between SunTrust and Deutsch *to the funds in G&D account 61663* that would subject those funds to a claim by a creditor with a judgment against Deutsch." (emphasis added)).

The zero balance credits were not the result of a demand. They appeared in Deutsch's account because of SunTrust's administrative error. The record contains no evidence to suggest that this error gave Deutsch an ownership interest in these funds that it did not otherwise have. *See* 5A Addinell H. Michie, Michie on Banks and Banking § 45, at 189 (2014 Rep. Vol.) ("A bank account holder does not have a property right in . . . funds erroneously transferred into his account by virtue of [his] ownership of the account." (citing *Thomas v. Bowen*, 791 F.2d 730, 734 (9th Cir. 1986))). Without the error the funds would have remained in the master account, beyond the garnishment's reach. Thus, the evidence failed to prove that the zero balance credits created liability on SunTrust to Deutsch. *See Lynch*, 196 Va. at 521, 84 S.E.2d at 422 ("[T]he judgment creditor stands upon no higher ground than the judgment debtor and can acquire no greater right than such debtor himself possesses.").

The account statements also revealed outside deposits of funds into account 95497 resulting from operations of the furniture business. It is not contested that these deposits were reachable under the garnishment because they created a creditor and debtor relationship between Deutsch and SunTrust. *PS Business*, 287 Va. at 420, 758 S.E.2d at 513. The overwhelming majority of the funds that reached account 95497, however, were the zero balance credits. When the zero balance credits are removed, the sum of the outside deposits is the amount subject to

11

garnishment.  Therefore, the circuit court's order finding that SunTrust was indebted to Deutsch for $1.2 million during the garnishment period is plainly wrong and without evidentiary support.

The extent to which the outside deposits exceed the $15,050.11 SunTrust originally admitted to owing is yet to be determined by the circuit court.  *PS Business*, 287 Va. at 422, 758 S.E.2d at 514.  On remand, the circuit court shall calculate the sum of these deposits and order this amount (in addition to the $15,050.11 already submitted into the circuit court) be paid to PS Business.

## III.  CONCLUSION

For the foregoing reasons, we reverse the judgment of the circuit court and remand this case for further proceedings as detailed above.

*Reversed and remanded.*