SAMUEL SANSEVERE ET AL., RESPONDENTS, v. JOHN SONZOGNI, APPELLANT.

Decided November 4, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER, and BODINE.

For the appellant, *Reynier J. Wortendyke, Jr.*

For the respondent, *John J. Carlin.*

PER CURIAM.

This suit was brought to recover compensation for personal injuries alleged to have been sustained by the plaintiff Samuel Sansevere, a little child about three years old, he being run down by an automobile truck of the defendant; and for the expenses incurred by his mother, the co-plaintiff, as the result of the child's injuries. The trial resulted in a verdict in favor of each of the plaintiffs, and the defendant has appealed from the judgment entered thereon.

The first ground upon which we are asked to reverse this judgment is that the trial court erroneously permitted the defendant's witness, Wenz, who was driving the truck that struck the child, to be asked certain questions with relation to certain statements made by him to a police officer after the happening of the accident. The ground of the objection to the admission was that it was incompetent for the purpose of showing the liability of the defendant, the statement or admission made by the driver to the police officials not being of the *res gestae.* But the sole purpose of this testimony, as was stated by counsel for the defendant, was the contradiction of the evidence given by Wenz on the witness stand on his direct examination, he having been called as a witness by the defendant. The testimony was clearly competent, in our opinion, for the purpose of discrediting the witness.

The verdict which is the foundation of the judgment now under review was rendered at a second trial of this cause, and it is argued that the present judgment should be reversed because the court, after the rendition of a verdict by the jury at the first trial, granted a rule to show cause on the application of the plaintiffs, based upon the inadequacy of the award; whereas, as counsel for the defendant contends, the new trial should have been granted without any such limitations. This, however, is not properly before this court for consideration on the appeal from the present judgment.

Moreover, the contention is without merit because of the fact that the defendant waived any objection to the limitation of the rule by taking part in the new trial without protest.

The only other ground upon which we are asked to reverse this judgment is that upon the return of a rule to show cause which was allowed to the defendant after the second trial, the court refused to reduce the award of $25,000 to the infant plaintiff to $15,000. It is enough to say in disposing of this, that the question as to whether the amount of the verdict is excessive is one that cannot be raised upon an appeal from the judgment entered thereon.

We conclude that the grounds of reversal are without substantial merit and that the judgment under review should be affirmed.