REBECCA WHITLOCK, PLAINTIFF-RESPONDENT, v. HOWARD CLOTHES, INC., A CORPORATION, AND ANNA SANTLIFER, DEFENDANTS-APPELLANTS.

Submitted October 17, 1944—Decided January 4, 1945.

For the defendants-appellants, *Edwards, Smith & Dawson* (*Raymond Dawson,* of counsel).

For the plaintiff-respondent, *Stout & O'Hagan* (*Richard W. Stout,* of counsel).

The opinion of the court was delivered by

COLIE, J. Rebecca Whitlock brought suit against Howard Clothes, Inc., and Anna Santlifer to recover damages for injuries following a fall at the entrance of the retail clothing store occupied by Howard Clothes, Inc., at the southwest corner of Washington and Market Streets in the City of Newark. The premises were owned by Anna Santlifer. The jury returned a verdict in favor of the plaintiff and against both defendants for $3,000. Error is alleged in the court's denial of motions for nonsuit and the direction of verdict for defendants.

On May 9th, 1942, Mrs. Whitlock, accompanied by her husband, came to Newark for the purpose of purchasing a suit of clothing for him. It was raining when they arrived at Newark and after parking the car, they walked along Washington Street until they came to the entrance of the Howard store. Mr. Whitlock paused to lower an umbrella and Mrs. Whitlock started into the store and fell on the inclined ramp extending from the entrance doors to the sidewalk level.

The theory upon which the plaintiff sought to recover is set forth specifically in the complaint in the following language: · "The floor leading to the said entrance from the street was improperly and negligently constructed, in that the same was constructed from very hard material and was constructed so that the floor was pitched at an angle." In the first count of the complaint there was a further charge of negligence so far as Howard Clothes, Inc., was concerned, in that it "negligently permitted the floor leading to the entrance aforesaid, to become and remain wet and slippery and negligently failed to provide a mat or other appliance which would decrease the hazards and danger to persons passing over the

said floor." No proof was adduced in support of this charge of negligence and the trial proceeded upon the single theory of improper and negligent construction. The alleged improper construction was twofold in that it alleged the use of improper material and charged improper construction with respect to the degree of pitch of the ramp. As to the charge of improper material, there was no evidence which justified the trial court in submitting that phase to the jury. The evidence was that the incline or ramp was constructed of "terrazzo" which is a flooring of cement, inlaid with pieces of marble, and the only testimony as to the suitability of this material is the statement of the witness, Dangler, that he "wouldn't have terrazzo in there, either." There is no testimony that the use of terrazzo does not conform to the established standard of construction for entrances such as in the instant case.

The remaining point requiring discussion is the charge of improper construction arising out of the fact that the gradient or pitch of the entrance was greater than the standard of construction permitted and was, therefore, some evidence of the defendants' failure to exercise reasonable care. The plaintiff's case depended, in this regard, upon the sole testimony of Mr. Dangler. His qualifications were not impressive but the trial judge ruled that he was qualified and while an exception was noted to that ruling, the point was not raised in the grounds of appeal. By actual measurement, the pitch of the entrance from the doorway to the sidewalk on Market Street was three-eighths of an inch to the foot. The pitch from the doorway to the sidewalk on Washington Street was three-quarters of an inch to the foot. It was on this slope that Mrs. Whitlock fell. The difference in pitch is necessitated by the fact that the sidewalk on Market Street and the sidewalk on Washington Street are at different levels with relation to the floor level of the store. All of the witnesses were agreed that the use of an inclined ramp was proper construction and preferable to a step, so that the question narrowed down to the degree of pitch and on this there was a divergence of opinion. There was testimony, unobjected to, that it was poor building practice to give a greater pitch than

a half inch to the foot where the inclined surface is subject to weather conditions. On the other hand, there was testimony that a pitch not in excess of three-quarters or seven-eighths of an inch to the foot conformed to standard construction. This raised a question of fact for the jury to pass upon and therefore there was no error in the refusal to nonsuit or direct a verdict for defendants.

The judgment under appeal is therefore affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, COLIE, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 14.

*For reversal*—None.