W. WRIGHT ROBINSON, Appellant, v. FREDERICK MEDING, Appellee.

580

(*August* 3, 1960.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*Stewart Lynch* for defendant below, appellant.

*Claude L. Tease* for plaintiff below, appellee.

Supreme Court of the State of Delaware, No. 1, 1960.

BRAMHALL, J.:

Defendant in his appeal complains (1) that the allegations of negligence in plaintiff's amended complaint should have been stricken as not alleging negligence on the part of defendant with sufficient particularity; (2) that there was no evidence that defendant breached any duty to plaintiff; (3) that the evidence showed that plaintiff was clearly guilty of contributory negligence or that he assumed the risk; (4) that plaintiff failed to prove damages to sustain the verdict of the trial judge.

Plaintiff raises the preliminary question as to whether this Court may in this appeal consider the order of the trial judge

denying defendant's motion to strike by reason of the fact that in defendant's notice of appeal from the judgment for plaintiff he failed to set forth that he was appealing from this order.

Resolving all disputed facts and inferences in favor of plaintiff, the pertinent facts are as follows:

Plaintiff was injured on August 4, 1955, at approximately 6:45 p.m. (E.D.S.T.) while on the golf course of the Seaford Golf and Country Club, in or near Seaford, Sussex County, Delaware. Plaintiff was an employee of the Club and at the time of the accident he was watering the number one green. He noticed two men approaching the green from the center of the fairway. Their balls lay close to the edge of the green. Plaintiff pulled the hose off the green and moved from the green to the apron to avoid being in the way of their balls. At the same time defendant, who was playing with the other two players and who had hit his ball to the left side of the fairway, was approaching his ball about 80 to 90 yards from the pin and from plaintiff. Plaintiff did not see defendant prior to the accident since defendant was apparently out of plaintiff's normal range of vision.

Defendant testified that before he shot, he called to plaintiff, "Watch it, Fred." He later hollered to plaintiff immediately after he struck the ball. The two players playing with defendant testified that they heard a warning at or immediately after the ball was struck. Plaintiff testified that he did not see the defendant until after the injury and did not hear defendant give any warning.

■ We first consider plaintiff's contention that defendant may not appeal from the order of the Superior Court denying defendant's motion to strike.

Defendant's motion was based upon the alleged insufficiency of the allegations of negligence in the complaint. Defendant's motion was denied. Plaintiff now contends that this Court may

not consider upon appeal the denial of this motion solely because it is not included in defendant's notice of appeal.

■ In our view the order of the trial judge denying defendant's motion is reviewable on appeal as incidental to or part of the final judgment. See *Ownbey v. Morgan,* 7 *Boyce* 297, 105 *A.* 838; see also 5 *C. J. S. Appeal and Error* § 1492(2), notes 16, 17 & 18. Defendant's motion went to the merits of the case. It was not appealable except on appeal from the final judgment. Generally, under modern statutes and modern rules, an appeal from a final judgment brings up for review all interlocutory or intermediate orders involving the merits and necessarily affecting the final judgment which were made prior to its entry. *Doll v. Stahl,* 79 *N. D.* 843, 59 *N. W.* 2d 721, 41 *A. L. R.* 2d 1317; *Schaffran v. Mount Vernon-Woodberry Mills,* 3 *Cir.,* 70 *F.* 2d 963, 965, 94 *A. L. R.* 543. We think that such procedure is of vital importance in permitting appellate courts to render substantial justice. As Judge Woolley said in the Schaffran case: "An opposite practice would produce the odd situation of a court sustaining, on appeal, an obviously bad final judgment because ruled by an unappealable bad interlocutory order."

Rule 5(7) of this Court, *Del. C. Ann.,* is to the same effect. It provides as follows:

"On appeal, any question may be raised which has been fairly presented to the court below for decision, and it shall not be necessary again to raise any such question raised in the cause by way of motion for a new trial."

There is no merit to this contention.

1. Sufficiency of the allegations of negligence in plaintiff's amended complaint.

Defendant moved to strike the following language from paragraph 6 of plaintiff's amended complaint:

"6. Defendant was negligent in that:

"a) He drove a golf ball in the direction of plaintiff without first giving adequate warning to plaintiff of his intent to do so.

"b) He drove a golf ball in the direction of plaintiff without first giving timely warning to plaintiff of his intent to do so.

"c) He drove a golf ball in the direction of plaintiff while defendant was so concealed from plaintiff's view that he knew or should have known that plaintiff had no knowledge of his location on the golf course.

"d) He drove a golf ball in the direction of plaintiff when defendant knew or should have known that the plaintiff was in danger of being struck by said ball.

"e) He drove a golf ball so negligently that its line of travel could not be reasonably forseen by him and he therefore knew or should have known that he was endangering the safety of other persons within range of the flight of the ball."

Defendant contends that this langauge did not contain a single fact which would show the area where the accident occurred except that it occurred on the green of hole number one; that plaintiff nowhere in his complaint set forth any facts which would show a duty on the part of defendant to warn the plaintiff or that such warning was necessary or practical.

The questions presented here are whether the allegations of paragraph 6 of the complaint are sufficient to give to defendant sufficient notice of the charges which he must meet and whether the complaint complies with Rule 9(b), *Del. C. Ann.*, providing, *inter alia,* that in all averments of negligence the circumstances constituting negligence shall be stated with particularity. .

 Plaintiff is not required to set forth in detail the evidence upon which plaintiff bases his claim. It is usually necessary to allege only sufficient facts out of which a duty is implied and a general averment of negligent failure to discharge that duty. 9 *Cyc. Civil Law & Procedure* (Perm. Ed.), § 5954. That this is what was intended when Rule 9(b) was promulgated is evidenced by the fact that in Form 9—adopted by the Superior Court as the official form of complaint for negligence and which has been said by that court to be within the requirement of Rule 9(b)—the negligence is set forth as follows:

"2. Defendant was negligent in that:

"(a) Defendant drove at an excessive speed.

"(b) Defendant drove through a red light.

"(c) Defendant had the last clear chance to avoid hitting plaintiff."

 We think that the averments of the complaint sufficiently set forth the allegations of negligence and comply with Rule 9 (b) of the Superior Court. As Judge Christie in his opinion overruling defendant's motion said, "There is only so much that can be said about hitting a golf ball without warning."

2. Duty of defendant to give plaintiff due and timely warning.

 Defendant contends that the proof submitted by plaintiff fails to sustain any of the charges of negligence alleged in the complaint. As previously stated, plaintiff did not see defendant, and was not even aware of defendant's presence, until after plaintiff was injured. Plaintiff heard no warning, if one was given. Any warning which may have been given by defendant was given at or immediately after defendant struck the ball. Plaintiff was in full view of defendant at the time defendant hit his ball. As an employee of the Golf Club plaintiff was in a position on the course where his duties called him to be.

The trial judge found from this evidence that defendant was guilty of negligence in not giving to plaintiff adequate and timely warning before he struck the ball. There was ample evidence to support the finding of the trial judge.

Courts are generally in accord that a golfer when making a shot must give timely and adequate warning to any person in the general direction of his drive. *Everett v. Goodwin,* 201 *N. C.* 734, 161 *S. E.* 316; *Page v. Unterreiner, Mo. App.,* 130 *S. W.* 2d 970; *Boynton v. Ryan,* 3 *Cir.,* 257 *F.* 2d 70. Clearly such notice must be given to such persons when they are not aware of his intended play. *Stober v. Embry,* 243 *Ky.* 117, 47 *S. W.* 2d 921. In the case of a warning given at or immediately after the ball was struck, it has been held that it would be a question for the trier of facts to determine as to whether or not the warning was timely. See *Povanda v. Powers,* 152 *Misc.* 75, 272 *N. Y. S.* 619.

We think that the question as to whether defendant was guilty of negligence in failing to give to plaintiff adequate and timely warning was a matter for the trier of facts and that his decision in that respect should not be disturbed.

3. (A.) Assumption of risks.

Defendant contends that plaintiff assumed the risk of being struck by defendant's ball by voluntarily exposing himself to a position of danger. He contends that plaintiff saw, or should have seen, defendant on the fairway; that it was clear from the evidence that plaintiff received adequate warning that defendant was about to strike the ball and that by placing himself in a position of danger under such circumstances he necessarily assumed the risks incidental thereto.

A golfer assumes the obvious and ordinary risks incidental to the use of the golf course, but he does not assume a risk which cannot be reasonably anticipated and which may be the result of the negligent act of another. *Brady v. Kane, Fla.,* 111 *So.* 2d 472; *Benjamin v. Nernberg,* 102 *Pa. Super.* 471,

157 *A.* 10. Usually this doctrine is not applicable unless there was knowledge, express or implied, of the existence of the risk with a corresponding appreciation of the extent of the danger. *Lewis v. Vermont Gas Corp.,* 121 *Vt.* 168, 151 *A.* 2d 297; *Cummings v. General Motors Corp.,* 146 *Conn.* 443, 151 *A.* 2d 884. With such knowledge of the circumstances, plaintiff must have voluntarily exposed himself to the danger. *Brady v. Kane, supra.* See *Prosser on Torts* (2d ed.), 309, 311. In this case, according to the testimony most favorable to plaintiff, plaintiff did not even see defendant and had no knowledge of his presence until after the injury. We do not see how it can be said under such circumstances that plaintiff voluntarily exposed himself to a danger which he did not know existed.

(B.) Plaintiff's contributory negligence other than allegations treated under assumption of risks.

Defendant contends that plaintiff was guilty of contributory negligence and that such negligence exposed plaintiff to the risk of being injured and contributed to the accident. Defendant says that this negligence consisted of plaintiff's failure to look around and observe how many golfers were playing on the course at that particular time and in not wearing his glasses, particularly where he was having hearing difficulties.

The trial judge found that the injury was caused by defendant's failure to give plaintiff adequate and timely warning. He stated that but for this failure, the accident would not have occurred.

Plaintiff was required to make reasonable use of his faculties and to discover any dangers or any conditions to which he might become exposed. His responsibility is that of an ordinary prudent person under similar conditions. See citations in 65 *C. J. S. Negligence* § 11, note 10. But a failure to look for any danger when there is no reason to apprehend any is not contributory negligence. *Standard Oil Co. v. Burleson,* 5 *Cir.,* 117 *F.* 2d 412; *Northwest Airlines v. Glenn L. Martin,* 6 *Cir.,* 224 *F.* 2d 120,

229 *F.* 2d 434, 50 *A. L. R.* 2d 882. The fact that plaintiff was where his duties called him to be is also a matter to be considered in determining this question. *Maskell v. Alexander,* 91 *Wash.* 363, 157 *P.* 872.

We believe that under all the circumstances in this case, it was for the trier of facts to say whether a reasonably prudent person would see, or should have seen, defendant and heard the warning which defendant says he gave and after such observation and warning could have removed himself from a place of danger before being struck by defendant's golfball. We have stated that it was the duty of defendant to give plaintiff an adequate and timely warning. The assumption that defendant would perform that duty, where there is no occasion to assume otherwise, does not amount to contributory negligence. *Piatek v. Swindell,* 84 *N. H.* 402, 151 *A.* 262. The failure to anticipate another's negligence is not negligence which will defeat recovery of injuries sustained. *Ross v. Pittsburgh Motor Coach Co.,* 156 *Pa. Super.* 45, 39 *A.* 2d 148.

4. Damages.

Defendant complains that the damages found by the trial judge were excessive and not substantiated by the evidence. Unfortunately, this question is not properly before this Court. No motion for a new trial on the ground of the excessiveness of the verdict, or any motion to set aside the verdict as excessive, was presented to the trial judge so that he might pass upon this question.

The law seems to be clear that objections charging that the amount of the verdict was excessive may not generally be raised for the first time upon appeal. Such objection must first be made in the trial court. *Sansevere v. Sonzogni,* 7 *N. J. Misc.* 927. 147 *A.* 585; *Martin v. Martin & Carpenter,* 98 *Vt.* 326, 127 *A.* 292, 55 *A. L. R.* 697; *Vincenzo v. Richwood Bkg. & T. Co.,* 93 *W. Va.* 368, 117 *S. E.* 882, 27 *A. L. R.* 1475. See 3 *Am. Jur.,* Appeal & Error, § 399. Rule 5(7) of this Court (previously

quoted herein) provides that on appeal "any question may be raised which has been fairly presented *to the court below for decision*". The record in this case fails to disclose that a question concerning the amount of the verdict was presented in any manner to the court below so that it might take such action as it thought proper. In the absence of such motion, this question cannot be considered.

The judgment of the Superior Court will be affirmed.