SUSAN WAGENSCHNUR, a minor, by her next friend, Irving Wagenschnur and IRVING WAGENSCHNUR v. GREEN ACRES RECREATION ASSOCIATION, INC., a Delaware corporation.

(*December* 4, 1963.)

CHRISTIE, J., sitting.

*Abraham Hoffman* attorney for Plaintiffs.

*Edmund N. Carpenter, II,* attorney for Defendants.

Superior Court for New Castle County, No. 1169, Civil Action, 1962.

CHRISTIE, Judge.

On August 16, 1961, Susan Wagenschnur, the minor plaintiff, then age 9, attended a swimming party at the defendant's swimming pool. Susan and her family were then and still are members of the defendant swimming club. It was Susan's second season as a member of the

club and she was an active member of the club's swimming team although she had had an opportunity to take part in only one swimming meet.

On the day in question, one of Susan's friends requested permission from the lifeguard to remove from the guard storeroom and play with certain hard plastic floats which had previously been used to hold a rope dividing the deep end of the pool from the shallow end. Sometime before the 1961 swimming season these floats had been replaced in the pool by another dividing line, and the rope which had once passed through the floats had been removed from the floats. During the 1961 season the individual floats had been used to assist the swimming team during training. There is no evidence that Susan had ever used the floats in connection with her swimming practice or that she was present while the floats were being so used.

About five of the floats were taken into the pool by Susan and her friends. For ten or fifteen minutes before the accident, the children used the floats in play as a toy life preserver or small raft might be used. In the course of such play, Susan tucked one float under each arm, and held a third float between her legs. She then released the third float in such a way that it bobbed up and far enough out of the water to strike and break a portion of one of her front teeth.

A qualified lifeguard was on duty at or near the pool during the period the floats were in use. He was generally supervising the activities at the pool to the extent that reasonably prudent guards usually supervise young swimmers at play—that is, he was apparently ready to call a halt to dangerous activities and to rescue those in danger. He did not feel that it was necessary to give more specific supervision to the plaintiff's use of the

floats. Although it was a lively party, there is no evidence of horseplay as to those using the floats.

Upon receiving the injury, Susan went home and was taken to a dentist who filed off the rough edges of the broken tooth. Late in the day or on the next day she returned to the pool for further recreation. The broken tooth has been capped at an expense of $26. It is not as attractive as her other teeth. As she grows additional cappings will be necessary. The additional cappings will result in a more attractive and permanent repair. The estimated cost of future caps is $175.00. The incident and the dental procedures caused some pain.

Plaintiffs contend that defendant's lifeguard was negligent in permitting the children to use the float and in failing to supervise the use of the float.

Defendant denies negligence and asserts that in any case plaintiff was contributorily negligent.

The duty of the owner or operator of a public amusement place has been defined as ,follows:

"The owner or operator of a public place of amusement or entertainment is not the insurer of the safety of his patrons, but owes to them only the duty of reasonable care. He is bound to exercise only the degree of care that would be expected of an ordinarily careful and prudent person in his position, and his duty is fulfilled when he makes the place as little dangerous as such a place can reasonably be made, having regard to the contrivances necessarily used in conducting such a place." (Sherman and Redfield on Negligence, Vol. 4 (Rev.Ed.) p. 1562, para. 644)

The cases dealing with the liability of those operating bathing resorts and swimming pools have been collected

in 48 A.L.R.2d 104-171. The annotator there summarizes the cases in the following terms:

"It has been repeatedly stated that the owner or operator of a bathing resort or swimming pool is bound to use ordinary, due, or reasonable care for the safety of the patrons, or to guard them from injury, that he must exercise ordinary, due, or reasonable care to provide his patrons with a safe place, or to keep the premises in a reasonably safe condition; and that any appliances provided by him must be reasonably fit for the purpose for which they are to be used; but that, on the other hand, he is not an insurer of the safety of the patrons."

Whenever a floating object is held under water, it is apt upon release to bob up to the surface of the water. This is a natural phenomenon known to all children familiar with water. This light weight smooth float used for play in the water appeared to present no more danger of injury to a nine-year-old child than would playground use of a ball or swing. Many every-day objects which a reasonably careful person would permit a child to play with can and on occasion do cause injury. Every active sport, including childrens play, carries some danger with it.

It is apparent that one who participates in an active sport accepts the obvious dangers connected therewith and the operator of the facility in the exercise of reasonable care cannot be held liable for those dangers which are inherent in such activity and are obvious to the participant.

In an unreported case this Court has held that a child who tripped on a small hole or imperfection in the ice while skating at a public rink may not recover for his injury. *Seamen v. Recreation Promotion and Services,*

*Inc.*, 602 Civil Action, 1959, (decided in New Castle County by Judge Christie April 1, 1960. Compare *Meding v. Robinson*, 2 Storey 299, 157 A. 2d 254 (Superior Court 1959), affirmed 2 Storey 578, 163 A.2d 272 (1960). See also *Payne v. City of Clearwater*, 155 Fla. 9, 19 So. 2d 406 (1944) and the cases collected in the above cited annotation.

I find as facts that:

1. The guard at the swimming pool violated no duty of reasonable care when he permitted a nine-year-old child whom he knew to be an experienced swimmer to play with the floats;

2. The floats were reasonably fit for water play by youngsters of Susan's age and experience;

3. The apparently harmless play with the floats as it was being conducted by the children at the time of the accident was not such as to require more supervision by the guard than was provided. I conclude that the injury was not caused by any negligence on defendant's part.

Since plaintiff has failed to show negligence on the part of the defendant swimming club, I need not pass upon the alleged contributory negligence of the minor plaintiff.

Judgment will be entered for defendant.