JOSEPH LASKOWSKI, Defendant-Appellant, v. MARGARET F. WALLIS, Plaintiff-Appellee.

(*December,* 18, 1964)

WOLCOTT and CAREY, Justices, and MARVEL, Vice Chandellor, sitting.

*F. Alton Tybout,* for defendant-appellant.

*David Snellenburg, II,* of Killoran & VanBrunt, for plaintiff-appellee.

Supreme Court of Delaware, No. 70, 1964.

CAREY, Justice:

This is an appeal from a judgment of the Superior Court upon a jury verdict for $7500 for injuries received by the plaintiff in an automobile accident on September 27th, 1963. Liability was admitted. The initial question presented by this appeal is whether the evidence justified an instruction permitting the jury to include in its award a sum

for permanent injury.

At the trial on February 19th, 1964, the permanent injury claimed was the presence of a small scar on plaintiff's forehead, resulting from a cut. The only testimony about the scar came from the attending surgeon. We quote his testimony regarding it in full:

"Q.   What is her condition at the present time?

"A.   Well, she has the common residuals of this type of injury. As far as the laceration of her forehead, she has an area of numbness from the site of the wound upwards. * * * she is going to have this site of anesthesia for some time. This usually recovers, though.

"Q.   In your opinion are there any further surgical procedures indicated for whatever cosmetic defect Mrs. Wallis may have at the present time?

"A.   I don't think so. I am quite pleased with the results.

"Q.   Will the condition of her forehead change?

"A.   The anesthesia I would expect to improve.

"Q.   I mean the scarification and its discoloration.

"A.   Yes, definitely so. I would expect this wound to be—even though there now still appears a little red, in time the color of this to blend with the rest of the surrounding skin.

"Q.   Will the scar remain apparent for the rest or remainder of her life, or will it disappear?

"A.   Very minimal, if any. I would expect a very satisfactory result in the long run."

On cross-examination, there was this question and answer:

"Q. Is it correct that you don't anticipate any permanent damages as a result of this accident?

"A. That is right."

· There was no re-direct examination of the physician.

Over timely objection by defendant, the Court instructed the jury that plaintiff was entitled to compensation for "any permanent injury relating or resulting from the accident." Defendant here challenges the propriety of this instruction on the ground that it is not justified by the evidence.

Although the plaintiff was not required to show with absolute certainty the permanent nature of her injury, the burden was upon her to produce some credible evidence showing reasonable probability thereof. As this Court stated in *Henne v. Balick,* 1 Storey 369, 146 A.2d 394:

"The law does not permit a recovery of damages which is merely speculative or conjectural. As a general rule, it refuses to allow a plaintiff damages relating to the future consequences of a tortious injury unless the proofs establish with reasonable probability the nature and extent of those consequences. There must be some reasonable basis upon which a jury may estimate with a fair degree of certainty the probable loss which plaintiff will sustain in order to enable it to make an intelligent determination of the extent of this loss. The burden is upon the plaintiff to furnish such proof. If he fails in his respect, the jury cannot supply the omission by speculation or conjecture." (citations omitted)

Counsel for plaintiff argues before us that the charge was justified by the medical testimony quoted above and · by the jury's observation of the scar. We are of the opinion that this evidence was insufficient to demonstrate reasonable probability of permanency.

The testimony of the attending surgeon, in our opinion,

indicates nothing more than a mere possibility of permanency, at most. His statement on direct examination that future appearance of the scar would be "very minimal, if any" indicates to us that he considered permanency a possibility but not a probability. His answers to other questions, especially the one quoted from his cross-examination, showed doubt even about a possibility. There are instances, of course, when medical testimony is unnecessary to prove permanency; *cf. Prettyman v. Topkis,* 9 W. W. Harr. 568, 3 A.2d 708. This is not such a case. The trial took place less than five months after the accident; as the doctor made plain, it was too early to determine the ultimate outcome. Any finding of permanency by the jurors based upon their own observation was necessarily pure speculation.

Since there is no way of knowing what effect the instruction had upon the amount of the verdict, a new trial must be granted for the foregoing reason. We therefore find it unnecessary to consider another ground advanced by defendant based upon the Court's instruction concerning loss of future earnings. That contention is predicated upon a claim of surprise, which will not exist at the second trial because defendant will now have the opportunity to make full investigation of that claim.

The judgment of the lower Court must be reversed, with directions to grant a new trial.