SAMUEL WEINER and PHYLLIS WEINER, his wife, Plaintiffs below, Appellants, v. WALTER S. WISNIEWSKI, Defendant below, Appellee.

(*October* 15, 1965)

WOLCOTT, C. J., and CAREY and HERRMANN, J.J., sitting.

*Gerald Z. Berkowitz* of Wahl, Greenstein & Berkowitz, for appellants.

*F. Alton Tybout,* for appellee.

Supreme Court of the State of Delaware No. 33, 1965.

CAREY, Justice.

This is an appeal from a judgment of the Superior Court in favor of the plaintiffs, who are husband and wife, in a case tried before a jury. The judgment for Mr. Weiner was in the amount of $500. No question concerning the wife's cause of action has been raised in this Court.

The action was the result of injuries sustained by Mr. Weiner in an automobile collision on May 1st, 1963. Thereafter he consulted Dr. Strange, an orthopedic surgeon, who found a narrowed disc space in his neck. Dr. Strange testified that this condition had existed more than six months prior to the accident and, in his opinion, would have continued to become worse even if the accident had not occurred, although he believed the impact had aggravated it. The doctor gave certain testimony concerning the possibility of an operation to remedy plaintiff's neck condition and, over objection, testified to the estimated cost of the operation. Although the objection was originally overruled, on motion of defendant prior to the charge,[1] the Court struck from the record all testimony concerning the cost of an operation and directed the jury not to consider it in any way.

Two contentions are now made by this appellant: (1) the trial Court erred in striking the testimony; and (2) the verdict was grossly inadequate in any event.

In order to recover the estimated expense of a future operation, the appellant had the burden of showing by competent testimony a reasonable probability that the operation would be necessary. *Laskowski v. Wallis,* Del., 205 A. 2d 825; 10A Blashfield

---

[1] Also prior to counsels' summation, we assume. See Superior Court Rule 51,*Del. C.*

Cyclopedia of Automobile Law (Perm. Ed.) 174; *Herbert v. Stanley,* 124 Vt. 205, 201 A.2d 698. Such probability in a case like this could be proven only through a competent medical witness. Appellant contends that it was proven by Dr. Strange. It is true that the doctor made it clear that Mr. Weiner's condition would likely become worse rather than better; yet he did not predict that an operation would probably be necessary. We quote from the record:

"Q. Have you recommended, Dr. Strange, that Mr. Weiner undergo surgery for this particular condition?

A. I have mentioned to him that there is a surgical procedure here but have not pressed it which we don't do in the practice of surgery. We sort of like the patient to seek out the surgery rather than for us to press it on them, but I have mentioned it to him.

Q. Do you have an opinion, based upon a reasonable degree of medical and surgical certainty, as to the future operative prospects and the necessity of Mr. Weiner to correct this condition?

A. I would say a 50/50. He may be able to live with what he has and be willing to work his activities around this neck rather than submit to the surgery. I have a feeling that should he become worse and this tingling and the pain become such, then he will seek out the surgery.

\* \* \* \* \* \*

Q. Dr. Strange, do you have an opinion, based upon a reasonable degree of medical and surgical certainty, that Mr. Weiner will undergo in the future an operation such as you have described here, the myelogram, the laminectomy and the eventual fusion?

A. As I said, why its about 50/50. If he continues to complain of pain and feels that this is intolerable and should it become worse, this is a major step for any person to take and he then may consider the surgery. On the other hand, he may be able to regulate his activities around his neck and feel that he can live with what he has. That is the best I can do, is say that the chances are about 50/50, either way."

■ In our opinion, these answers were insufficient to sustain the burden resting upon appellant, and the Court was correct in so ruling.

In objecting to the evidence concerning the expense of an operation, defendant's counsel said: "May it please the Court, if this matter of the laminectomy is going to go on, I will object to any further evidence on it and ask that the evidence so far be stricken unless it be shown that there is a probability that Mr. Weiner will undergo this operation. I don't think it has been shown as yet."

■ The appellant now argues that this objection was not directed to a failure to show the *necessity* of an operation, but to the question of plaintiff's *willingness* to submit to it. We do not so understand it. Moreover, we think the record supports the belief that the trial Judge and both trial attorneys[2] considered this language to refer to the probability of the need for an operation; obviously, had the trial Judge's ultimate ruling been based merely upon a failure to show plaintiff's willingness, the trial attorney would undoubtedly have requested permission to cure the defect.

It is suggested that plaintiff was harmed by the lateness of the Court's final conclusion, in that he had been induced by the earlier ruling to believe his evidence sufficient. If the ruling was based upon the question of *necessity,* as we have held, plaintiffs only medical witness had already testified fully on the point; if it was based upon *willingness,* plaintiff is in no position to claim prejudice when he failed to ask permission to reopen. He himself was the only person who could properly testify on the point; it is not suggested that he was absent or unavailable at the time.

■ As to the contention that the verdict was grossly inadequate, we note that the point was never raised before the Court below in any manner. It may not be raised for the first time on appeal

---

[2]Appellants' present counsel did not participate in the trial.

before us. *Robinson v. Meding,* 2 Storey 578, 163 A. 2d 272; 4 C.J.S. Appeal & Error Sec. 388, p. 1300; 5 Am. Jur. 2d 94.

The judgment below must be affirmed.