**Dolores LEVINE and Herman Levine,
Plaintiffs Below, Appellants,**

**v.**

**Orville LAM t/a Valley Hauling,
Defendant Below, Appellee.**

Supreme Court of Delaware.

Jan. 27, 1967.

. Victor F. Battaglia of Theisen & Lank, Wilmington, for plaintiffs below, appellants.

William F. Taylor of Young, Conaway, Stargatt & Taylor, Wilmington, for defendant below, appellee.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

Summary judgment was entered for the defendant in this negligence case on the ground that the undisputed facts disclose that the plaintiff Dolores Levine was guilty of contributory negligence as a matter of law.

These facts are uncontroverted:

The defendant was a private contractor engaged in the business of providing garbage and trash collection service. The plaintiffs were among his customers; and at their home were two underground containers and three upright cans. The underground containers, buried about four feet deep, were located immediately outside the rear door of the house, the area being illuminated by an ordinary overhead light located on the opposite side of the doorway. The upright cans were nearby in the back yard. Each underground container had a black "step-on" lid, a part of the cast iron top, which opened when the lever was pressed by foot and which closed when the lever was released. The container was emptied by lifting the entire hinged top manually, thus permitting the inner bucket to be extracted. When thus lifted, the top remained open of its own weight until closed manually. The practice of the defendant and his employees, in the period of approximately seven years during which the defendant served the plaintiffs, was to remove the bucket of each underground container, empty it, replace it, and then close the top. To the best of the plaintiffs' knowledge, the defendant never failed to close the tops of the underground containers before the accident here involved.

Mrs. Levine stepped out of her rear door with a bag of trash. It was after dark and raining. She deposited the trash in one of the upright cans and, noticing that the other two upright cans were topless and filling with rain water, she decided to bring them inside. In so doing, she decided to walk across the underground containers. As she stepped where the closed top of the underground container should have been, her foot dropped down into the bucket and she was injured. The top of the container had been left open by the defendant and his employees earlier that day. This suit, based upon the defendant's alleged negligence in failing to close the top of the container, resulted.

On her deposition, Mrs. Levine testified that she was looking at the upright cans and not at the underground containers as she began to walk across the latter; that she expected the tops of the underground containers to be closed because they had never been left open previously by the defendant or his employees; that she did not see the opening into which she fell; that there was ample light and nothing prevented her from seeing that the top was open if she had looked.

Upon the basis of this testimony, the Superior Court held that, because Mrs. Levine admitted a failure to keep a lookout for the open container, she was guilty of contributory negligence as a matter of law; and summary judgment was granted accordingly in favor of the defendant. We disagree.

■ The failure to look for danger, when there is no reason to apprehend any, is not contributory negligence. The failure to anticipate another's negligence is not negligence such as to defeat recovery for injury sustained. Robinson v. Meding, 2 Storey 578, 163 A.2d 272, 82 A.L.R.2d 1176 (1960). These were the failures of which Mrs. Levine was guilty; but they do not result in contributory negligence as a matter of law.

A jury may determine that Mrs. Levine had no reason to apprehend danger of the kind she encountered outside her back door. According to the facts before us, the tops of the subterranean containers had never been left open previously; and a jury may find that it was reasonable for her to believe that they were closed on this occasion. No duty was imposed upon the plaintiff to walk around the rear entrance of her home with eyes cast down constantly in self-protection. A jury may find that her failure to keep a lookout for the unexpected danger she encountered did not constitute contributory negligence such as will bar her claim.

It is our conclusion that whether Mrs. Levine acted as a reasonably prudent person under all of the circumstances is a question for the jury. Therefore, the summary judgment must be reversed and the cause remanded for trial.