Irma **SLEMONS**, Administratrix of the
Estate of Tadeusz Bienkowski, Deceased,
Plaintiff Below, Appellant,

v.

**GREGGO & FERRARA, INC.**, a Delaware
corporation, and **Wilson H. Warren**,
Defendants Below, Appellees.

Supreme Court of Delaware.

Nov. 24, 1969.

John M. Bader and Sheldon N. Sandler, Wilmington, for plaintiff below, appellant.

Edmund D. Lyons, of Morris, James, Hitchens & Williams, Wilmington, for defendants below, appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

PER CURIAM:

This case is a suit for damages resulting from a death caused by alleged negligence. The jury found for the plaintiff and awarded damages in an amount exceeding $57,-000. The trial Judge, on defendants' application, awarded a new trial. Plaintiff has appealed from that ruling.

The Court below held that the damages awarded were grossly excessive. The deceased, a man of 45 years of age, had accumulated total assets of less than $4000 at the time of his death. Before their divorce, his wife had worked and helped to accumulate assets. The amount of the verdict (reduced to present-day worth) reflected an estimated gross estate, at the end of deceased's life expectancy, of $144,000. Under the facts, we cannot hold that the trial Judge committed an abuse of discretion in awarding a new trial on this issue. Tyndall v. Tyndall, Del., 214 A.2d 124.

At the trial, while the individual defendant was testifying, the Judge made a remark which could have been interpreted by the jury as an expression of the Judge's disbelief of his testimony. For that reason, the Judge also granted a new trial on the issue of liability. We agree that the Judge's remark constituted error. It was within his discretionary power to determine whether the error was suffi-

ciently prejudicial to warrant a new trial; we cannot say that he abused his discretion in so holding. Radio Corporation of America v. Philadelphia Storage Battery Co., 23 Del.Ch. 289, 6 A.2d 329.

Appellant suggests that we should reverse because of appellees' failure in the Court below to file a brief with their motion for new trial, pursuant to Super.Ct. Rule 59(b). The question was not raised in the Court below, and accordingly cannot be raised in this Court. Robinson v. Meding, 2 Storey 578, 163 A.2d 272.

Affirmed.