**Anna F. TAYLOR and Roy E. Taylor,
her husband, Plaintiffs,**

v.

**PATHMARK OF ROXBURY, INC., a corporation of the State of New Jersey, and Supermarkets General Corporation, a corporation of the State of Delaware, Defendants.**

Superior Court of Delaware,
New Castle.

Aug. 31, 1972.

---

Emmett J. Conte, Jr., Wilmington, for plaintiffs.

Michael F. Tucker, of Becker & Kipp, Wilmington, for defendants.

STIFTEL, President Judge.

Plaintiff, Anna F. Taylor, fell on an exit ramp on defendant Pathmark's premises, at Ogletown Shopping Center, Ogletown, Delaware, on August 17, 1969, and sustained personal injuries. She had gone to Pathmark's to purchase groceries. She entered the store, bought the merchandise, and while carrying the bag from the store in order to place it in her automobile and return home, she fell on the ramp which connected the floor level of the store to the ground level of the parking lot. She claims she fell because there was an oily and slippery substance on the ramp or the ramp surface was too smooth for the grade and/or the ramp's slope was too steep for safe use.

Defendant asked for summary judgment under Superior Court Rule 56, Del.C.Ann. It argues that plaintiff has not shown the ramp was unsafe or that defendant was negligent in any way.

In Davis v. University of Del., 240 A.2d 583, 584, our Supreme Court explained that in order for a defendant to be successful on its summary judgment motion against a plaintiff, the burden is cast upon the defendant "to demonstrate to a reasonable certitude that there is no issue of fact which, if resolved in favor of the plaintiff, would hold the defendant liable."

 After a long delay, plaintiff was able to provide the record with an affidavit of Francis E. Smith, who is a Chief Engineer of the Murry Companies, General Contractors, located in Lancaster, Pennsylvania. Smith deposed pertinently as follows:

"The ramp in question has been described in the deposition of Roy E. Taylor taken March 16, 1971, in connection with the above Civil Action as extending from a curb 12 to 14 inches above the level of the parking lot to a point in the parking lot 4 feet distant from the curb line. From this description I have calculated the grade of the ramp to be from 25% to 29%. Regardless of the material used in construction, the grade that existed would be extremely steep and inherently unsafe but more particularly so if constructed of asphaltic material. It is generally accepted in the industry that

ramps of this nature should never exceed 8 to 10% grade. The Building Officials Conference of America building code which is a generally accepted authority prohibits the use of ramps steeper than 8 to 10%."

Testimony of an expert concerning the grade of a ramp and the safeness of the ramp's condition is sufficient to raise a question of fact as to the existence or non-existence of a dangerous condition. See Whitlock v. Howard Clothes, Inc., 132 N.J.L. 383, 40 A.2d 566; see, too, Anno.: "Exterior Ramp or Passageway—Injury", 81 A.L.R.2d 750, 763, et seq.

On the basis of the facts as presented by the affidavit, a question of fact is raised as to the existence of a dangerous condition and the resulting breach of defendant's duty to keep the premises in a reasonably safe condition for the use of customers entering or leaving the premises. See Robelen Piano Co. v. Di Fonzo, 3 Storey 346, 169 A.2d 240, 244. Defendant has failed in its burden of showing there is no genuine negligence issue for trial.

 Defendant also argues that plaintiff assumed the risk of a dangerous condition because she was aware of the slope of the ramp and had used it before. Plaintiff did not answer this argument. However, in Robinson v. Meding, 2 Storey 578, 163 A.2d 272, 82 A.L.R.2d 1176, the Supreme Court held that if a plaintiff knows of the existence of a risk, appreciates the danger of it and nevertheless does not avoid it, he will be held to have assumed the risk and may not recover for his injuries. Defendant has not produced sufficient facts to establish that plaintiff fully appreciated the danger of using the ramp. In Franklin v. Salminen, 222 A.2d 261, 262, an instruction by the trial court was approved by the Supreme Court where plaintiff knew the floor was wet and nevertheless walked upon it.

Neither assumption of risk nor contributory negligence can be established as a matter of law in the record before me. This decision should be reserved for the trial judge.

Motion for summary judgment denied.

So ordered.