William S. KARN, Objector Appellant,

v.

Patricia J. DOYLE, Max Simon, and Esther Okun, Plaintiffs Appellees,

Raymond Rich et al., Defendants Appellees.

Supreme Court of Delaware.

Submitted July 29, 1979.

Decided Aug. 27, 1979.

William A. Karn, pro se, objector-appellant.

Andrew B. Kirkpatrick, Jr., and William T. Allen, of Morris, Nichols, Arsht & Tunnell, Wilmington, for Filtrol Corporation, et al., defendants-appellees.

Joseph A. Rosenthal, of Morris & Rosenthal, P.A., Wilmington, for Patricia J. Doyle, et al., plaintiffs-appellees.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

PER CURIAM:

The Court of Chancery approved a settlement of a class action on application by the parties to the agreement and over objection by William S. Karn, a stock holder in Filtrol Corporation, one of the settling parties. The objector has appealed making eleven arguments which are outlined in his brief. The settling parties have filed separate motions under Rule 25(a) to affirm the judgment on the ground that it is manifest on the face of the objector's brief that the appeal is without merit.*

So far as we have been able to determine, many of the arguments now made were not submitted to the Vice Chancellor and, for that reason, we will not consider them. *Robinson v. Meding*, Del.Supr., 163 A.2d 272 (1960). Supr. Court Rule 8. And, in any event, it has not been demonstrated that the Vice Chancellor, by approving the settlement, abused his discretion, *Rome v. Archer*, Del.Supr., 197 A.2d 49 (1964). *Krinsky v. Helfand*, Del.Supr., 156 A.2d 90 (1959), which is the test for reversal.

It follows that the motions to affirm should be granted.

Affirmed.

---

* Rule 25(a) provides in part:

"Within 10 days after receipt of appellant's opening brief, appellee may, in lieu of a brief, serve and file a motion to affirm the judgment or order of the trial court. The filing of the motion tolls the time for filing of appellee's brief. The sole ground for such motion shall be that it is manifest on the face of appellant's brief that the appeal is without merit because:

(i) The issue on appeal is clearly controlled by settled Delaware law;

(ii) The issue on appeal is factual and clearly there is sufficient evidence to support the jury verdict or findings of fact below; or

(iii) The issue on appeal is one of judicial discretion and clearly there was no abuse of discretion."